IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FOREST LABORATORIES, INC., FOREST LABORATORIES HOLDINGS, LTD., MERZ PHARMA GMBH & CO. KGAA, and MERZ PHARMACEUTICALS GMBH,<br><br>    Plaintiffs,<br><br>    v.<br><br>DR. REDDY'S LABORATORIES, INC., DR. REDDY'S LABORATORIES LIMITED, GENPHARM IC., GENPHARM, L.P., INTERPHARM HOLDINGS, INC., INTERPHARM, INC., MYLAN PHARMACETICALS INC., RANBAXY INC., RANBAXY LABORATORIES LIMITED, KENDLE INTERNATIONAL INC., SUN INDIA PHARMACEUTICAL INDUSTRIES LIMITED (a/k/a SUN PHARMACEUTICAL INDUSTRIES LTD.), SYNTHON HOLDING B.V., SYNTHON B.V., SYNTHON LABORATORIES, INC., and SYNTHON PHARMACEUTICALS, INC.<br><br>    Defendants. | C.A. No. 08-52 (GMS) |

**SYNTHON HOLDING B.V., SYNTHON B.V., SYNTHON LABORATORIES, INC. AND SYNTHON PHARMACEUTICALS, INC.'S MOTION FOR EXTENSION OF TIME**

Defendants, Synthon Holding B.V. ("Synthon Holding"), Synthon B.V. ("Synthon"), Synthon Laboratories, Inc. ("Synthon Labs"), and Synthon Pharmaceuticals, Inc. ("Synthon Pharms") (collectively, the "Synthon Entities"), by and through their counsel, move for a twenty-one day extension of time to answer or otherwise respond to the Amended Complaint, up to and

including April 1, 2008. Because the Synthon Entities need additional time to investigate the issue of whether this District has personal jurisdiction over the Synthon Entities, as well as the other complex issues raised in the Amended Complaint, the present motion should be granted. The grounds for this motion are as follows:

1.   Forest Laboratories, Inc., Forest Laboratories Holdings, Ltd., Merz Pharma GmbH & Co KGaA and Merz Pharmaceuticals GmbH (collectively, "Plaintiffs") filed their Amended Complaint against the Synthon Entities on February 15, 2008. After filing a return of service stating that the Delaware Secretary of State had been hand served on behalf of each of the Synthon Entities on February 20, 2008, the docket calculated due date on which the Synthon Entities must answer or otherwise respond to the Amended Complaint is March 11, 2008.[1]

2.   On January 28, 2008, Plaintiffs filed an initial complaint against various defendants alleging infringement of United States Patent No. 5,601,703 (the "'703 patent") based on defendants' filings of Abbreviated New Drug Applications ("ANDAs") seeking approval for the manufacture, use and sale of generic memantine hydrochloride tablets. On February 15, 2008, Plaintiffs filed an Amended Complaint adding each of the Synthon Entities as a defendant, after receiving notice that Synthon Labs had also filed an ANDA containing a Paragraph IV Certification with respect to the '703 patent.

3.   Plaintiffs served the Summons and Amended Complaint against each of the Synthon Entities (two of which are located outside of the United States) on the Delaware Secretary of State pursuant to 10 Del. C § 3104(d) on February 20, 2008. Pursuant to that

---

[1] Since Plaintiffs served the Synthon Entities pursuant to 10 Del. C § 3104(d) by service on the Delaware Secretary of State, the due date for the responsive pleading is calculated from the date of the notice required by the statute. 10 Del. C § 3104(h). Here, since the Synthon Entities received notice letters dated February 21, 2008, the responsive pleading due date is twenty days later, on March 12, 2008. Id. However, in an abundance of caution, the Synthon Entities are filing this request for an extension of time based on the docketed due date of March 11, 2008.

statute, Plaintiffs then filed the return of service documents with the court on February 21, 2008. In order to comply with the statute, on that same day, Plaintiffs forwarded, <u>by registered mail</u>, a copy of the Summons and Amended Complaint, along with a statement that service was made on the Secretary of State to each of the Synthon Entities. Thus, none of the Synthon Entities even had notice of the filed action until, <u>at the earliest</u>, February 26, 2008. <u>See</u> Declaration of Mailing (as to Synthon Laboratories, Inc.), Docket No. 43, Exhibit B. At that point, nearly one week had already lapsed – almost one third of the total time in which to respond.

4. On March 10, 2008, the Synthon Entities contacted Plaintiffs seeking a twenty-one day extension of time to answer or otherwise respond to the Amended Complaint in order to fully evaluate the allegations and determine the nature of their response. Plaintiffs did not consent to the requested extension of time. As a result, the Synthon Entities now request that the court grant them a twenty-one day extension from the docketed due date, up through and including April 1, 2008, to answer or otherwise respond to the Amended Complaint.

5. When an act must be done within a specified time, the Court may, for good cause, extend the time for acting if a request is made before the original time, or its extension, has expired. <u>See, e.g.</u>, Fed. R. Civ. P. 6(b)(1)(a). In addition, the Delaware long arm statute, Plaintiffs chosen method of service in this case, specifically provides for continuances as may be necessary <u>to afford the defendant therein reasonable opportunity to defend the action</u>. See 10 Del. C § 3104(h) ("The time in which defendant shall serve an answer shall be computed from the date of the mailing of the [notice letter required by 10 Del. C § 3104(d)] . . . provided, however, that the court in which the action is pending may, <u>at any time before or after the expiration of the prescribed time for answering, order such continuances as may be necessary to afford the defendant therein reasonable opportunity to defend the action.</u>" (emphasis added)).

3

6. Here, the Synthon Entities request that this Court grant them a reasonable extension of time such that they can evaluate the issue of whether this District has personal jurisdiction over the Synthon Entities, as well as the complicated issues involved in defending a patent infringement action based on the Hatch-Waxman provisions of the Federal Food, Drug and Cosmetic Act. The short twenty-one day extension of time is also reasonable in view of the fact that the earliest date on which the Synthon Entities were aware of the commencement of the action against them was February 26, 2008 – a mere fourteen days before their responses were due.

7. The Synthon Entities further submit that Plaintiffs will suffer no prejudice as a result of the requested twenty-one day extension of time. If granted, this short extension of time should not disrupt the schedule in this case since there is no Scheduling Order in place at this time. In addition, Plaintiffs have already agreed to several of the co-defendants' requests for extensions of time to answer or otherwise plead. See Docket No. 29 (Interpharm Holdings, Inc. and Interpharm, Inc. time extended from February 19, 2008 to March 21, 2008); Docket No. 40 (Sun India Pharmaceutical Industries Limited time extended from February 19, 2008 to March 15, 2008); Docket No. 44 (Genpharm LP, Genpharm Inc. and Mylan Pharmaceuticals Inc. time extended from February 19, 2008 to April 7, 2008). Accordingly, Plaintiffs will not be prejudiced if a similar extension of time is granted to the Synthon Entities.

8. For the reasons set forth above, the Synthon Entities respectfully request that their motion be granted and that the date on which they may answer or otherwise respond to the Amended Complaint be extended up through and including April 1, 2008.

Dated: March 11, 2008

*/s/ Elizabeth M. McGeever*
Elizabeth M. McGeever (# 2057)
PRICKETT, JONES & ELLIOT, P.A.
1310 King Street
Wilmington, DE 19899
Telephone: (302) 888-6500
Facsimile: (302) 658-8111

*Attorney for Defendants*
*Synthon Holding B.V.,*
*Synthon B.V.,*
*Synthon Laboratories, Inc. and*
*Synthon Pharmaceuticals, Inc.*

*Of Counsel*:

E. Anthony Figg
Joseph A. Hynds
Lisa N. Phillips
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005
Telephone: (202) 783-6040
Facsimile: (202) 783-6031

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FOREST LABORATORIES, INC., ) <br> FOREST LABORATORIES HOLDINGS, ) <br> LTD., MERZ PHARMA GMBH & CO. ) <br> KGAA, and MERZ PHARMACEUTICALS ) <br> GMBH, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DR. REDDY'S LABORATORIES, INC., ) <br> DR. REDDY'S LABORATORIES ) <br> LIMITED, GENPHARM IC., GENPHARM, ) <br> L.P., INTERPHARM HOLDINGS, INC., ) <br> INTERPHARM, INC., MYLAN ) <br> PHARMACETICALS INC., RANBAXY ) <br> INC., RANBAXY LABORATORIES ) <br> LIMITED, KENDLE ) <br> INTERNATIONAL INC., SUN INDIA ) <br> PHARMACEUTICAL INDUSTRIES ) <br> LIMITED (a/k/a SUN ) <br> PHARMACEUTICAL INDUSTRIES ) <br> LTD.), SYNTHON HOLDING B.V., ) <br> SYNTHON B.V., SYNTHON ) <br> LABORATORIES, INC., and SYNTHON ) <br> PHARMACEUTICALS, INC. ) <br> ) <br> Defendants. ) <br> ) | C.A. No. 08-52 (GMS) |

**[PROPOSED] ORDER**

This _____ date of March 2008, Synthon Holding B.V. ("Synthon Holding"), Synthon B.V. ("Synthon"), Synthon Laboratories, Inc. ("Synthon Labs"), and Synthon Pharmaceuticals, Inc. ("Synthon Pharms") (collectively, the "Synthon Entities"), having moved for an extension of

2

time to answer or otherwise respond to the Amended Complaint up through and including April 1, 2008, the Synthon Entities' motion is hereby granted.

_____
Chief Judge Gregory M. Sleet

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FOREST LABORATORIES, INC., ) <br> FOREST LABORATORIES HOLDINGS, ) <br> LTD., MERZ PHARMA GMBH & CO. ) <br> KGAA, and MERZ PHARMACEUTICALS ) <br> GMBH, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DR. REDDY'S LABORATORIES, INC., ) <br> DR. REDDY'S LABORATORIES ) <br> LIMITED, GENPHARM IC., GENPHARM, ) <br> L.P., INTERPHARM HOLDINGS, INC., ) <br> INTERPHARM, INC., MYLAN ) <br> PHARMACETICALS INC., RANBAXY ) <br> INC., RANBAXY LABORATORIES ) <br> LIMITED, KENDLE ) <br> INTERNATIONAL INC., SUN INDIA ) <br> PHARMACEUTICAL INDUSTRIES ) <br> LIMITED (a/k/a SUN ) <br> PHARMACEUTICAL INDUSTRIES ) <br> LTD.), SYNTHON HOLDING B.V., ) <br> SYNTHON B.V., SYNTHON ) <br> LABORATORIES, INC., and SYNTHON ) <br> PHARMACEUTICALS, INC. ) <br> ) <br> Defendants. ) <br> ) | C.A. No. 08-52 (GMS) |

### CERTIFICATE PURSUANT TO LOCAL RULE 7.1.1

I, Elizabeth M. McGeever, a member of the firm of Prickett, Jones, & Elliott, P.A., counsel for Synthon Holding B.V., Synthon B.V., Synthon Laboratories, Inc., and Synthon Pharmaceuticals, Inc. (hereinafter "Synthon Entities"), submit this certificate pursuant to District of Delaware Local Rule 7.1.1 showing that reasonable effort has been

\363358v1

2

made to reach agreement with Plaintiffs' counsel on an extension of time to respond to the Amended Complaint.

1. On March 10, 2007, I telephoned Jack Blumenfeld, counsel for the plaintiffs, and left a voice mail message requesting an extension of time for the Synthon Entities to respond to the complaint.

2. Mr. Blumenfeld left a return voice mail message on March 10, 2007 stating that Plaintiffs were waiting to hear if the Synthon Entities would consent to jurisdiction in Delaware before agreeing to an extension of the response time.

3. On March 10, 2007, I left Mr. Blumenfeld a second voice mail explaining that the Synthon Entities would not consent to jurisdiction in Delaware. I requested a 21 day extension to respond to the Amended Complaint.

4. By return voice mail message, Mr. Blumenfeld stated that Plaintiffs would not agree to an extension.

PRICKETT, JONES & ELLIOTT, P.A.

By: /s/ Elizabeth M. McGeever
Elizabeth M. McGeever (I.D. No. 2057)
1310 King Street
P.O. Box 1328
Wilmington, DE 19899
TEL: (302) 888-6500
emmcgeever@prickett.com
*Attorneys for Synthon Entities*

DATED: March 11, 2008

\363358v1