IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FOREST LABORATORIES, INC., FOREST LABORATORIES HOLDINGS, LTD., MERZ PHARMA GMBH & CO. KGAA, and MERZ PHARMACEUTICALS GMBH,<br><br>Plaintiffs,<br><br>v.<br><br>DR. REDDY'S LABORATORIES, INC., DR. REDDY'S LABORATORIES LIMITED, GENPHARM IC., GENPHARM, L.P., INTERPHARM HOLDINGS, INC., INTERPHARM, INC., MYLAN PHARMACETICALS INC., RANBAXY, INC., RANBAXY LABORATORIES LIMITED, KENDLE INTERNATIONAL INC., SUN INDIA PHARMACEUTICAL INDUSTRIES LIMITED (a/k/a SUN PHARMACEUTICAL INDUSTRIES LTD.), SYNTHON HOLDING B.V., SYNTHON B.V., SYNTHON LABORATORIES, INC., and SYNTHON PHARMACEUTICALS, INC.<br><br>Defendants. | C.A. No. 08-52 (GMS) |

**SYNTHON HOLDING B.V., SYNTHON B.V., SYNTHON LABORATORIES, INC. AND SYNTHON PHARMACEUTICALS, INC.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2), 12(b)(3) AND 12(b)(5), <u>OR, IN THE ALTERNATIVE, TO TRANSFER</u>**

Defendants, Synthon Holding B.V. ("Synthon Holding"), Synthon B.V. ("Synthon"), Synthon Laboratories, Inc. ("Synthon Labs"), and Synthon Pharmaceuticals, Inc. ("Synthon Pharms") (collectively, the "Synthon Entities"), respectfully submit this motion to dismiss this action based on lack of personal jurisdiction over the Synthon Entities pursuant to Fed. R. Civ. P. 12(b)(2), improper venue pursuant to Fed. R. Civ. P. 12(b)(3), and, insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5). In the alternative, the Synthon Entities request that

1

this action be transferred to the Eastern District of Virginia ("EDVA") pursuant to 28 U.S.C. § 1406(a).

The Synthon Entities motion for dismissal or transfer should be granted because: (1) this Court does not have personal jurisdiction over the Synthon Entities under either a general jurisdiction or a specific jurisdiction theory; (2) this Court is not the proper venue for this action; and (3) the Synthon Entities were not properly served pursuant to the Delaware long-arm statute, because the requirements of that statute as it relates to service of a nonresident do not apply to any of the Synthon Entities. In addition, if the Court believes that it would be in the interests of justice to transfer the case *in lieu* of dismissal, the Synthon Entities request that the case be transferred to the Eastern District of Virginia, where this action could and should have been brought in first place.

A detailed statement of the grounds for this motion is set forth in the Synthon Entities' memorandum in support of the motion to dismiss this action based on lack of personal jurisdiction over the Synthon Entities pursuant to Fed. R. Civ. P. 12(b)(2), improper venue pursuant to Fed. R. Civ. P. 12(b)(3), and, insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5) and, in the alternative, to transfer, being filed herewith.

For the reasons set forth above, the Synthon Entities' respectfully request that their motion to dismiss this action, or in the alternative to transfer this action to the EDVA, should be granted.

Dated: March 12, 2008

/s/ Melissa N. Donimirski
Elizabeth M. McGeever (# 2057)
Melissa N. Donimirski (# 4701)
PRICKETT, JONES & ELLIOT, P.A.
1310 King Street
Wilmington, DE 19899
Telephone: (302) 888-6500
Facsimile: (302) 658-8111
emmcgeever@prickett.com

*Attorney for Defendants*
*Synthon Holding B.V.,*
*Synthon B.V.,*
*Synthon Laboratories, Inc. and*
*Synthon Pharmaceuticals, Inc.*

*Of Counsel*:

E. Anthony Figg
Joseph A. Hynds
Lisa N. Phillips
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005
Telephone: (202) 783-6040
Facsimile: (202) 783-6031
efigg@rothwellfigg.com
jhynds@rothwellfigg.com
lphillips@rothwellfigg.com