## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FOREST LABORATORIES, INC.,<br>FOREST LABORATORIES HOLDINGS LTD.,<br>MERZ PHARMA GMBH & CO. KGAA, and<br>MERZ PHARMACEUTICALS GMBH,<br><br>   Plaintiffs,<br><br>   v.<br><br>DR. REDDY'S LABORATORIES, INC.,<br>DR. REDDY'S LABORATORIES LIMITED,<br>GENPHARM INC., GENPHARM, L.P.,<br>INTERPHARM HOLDINGS, INC.,<br>INTERPHARM, INC., MYLAN<br>PHARMACEUTICALS INC., RANBAXY INC.,<br>RANBAXY LABORATORIES LIMITED,<br>KENDLE INTERNATIONAL INC.,<br>SUN INDIA PHARMACEUTICAL<br>INDUSTRIES LIMITED (a/k/a SUN<br>PHARMACEUTICALS INDUSTRIES<br>LIMITED), SYNTHON HOLDINGS B.V.,<br>SYNTHON LABORATORIES, INC. and<br>SYNTHON PHARMACEUTICALS, INC.,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>C.A. No. 08-52 (GMS) |

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF SUN INDIA PHARMACEUTICAL INDUSTRIES LIMITED

Defendant Sun India Pharmaceutical Industries Limited ("Sun"), by and through its undersigned attorneys, hereby submits its Answer, Affirmative Defenses, and Counterclaims.

## PARTIES

1. Plaintiff Forest Laboratories, Inc. ("Forest Labs") is a Delaware corporation having a principle place of business at 909 Third Avenue, New York, New York 10022.

**ANSWER:** Sun lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and thus denies same.

2.    Plaintiff Forest Laboratories Holdings, Ltd. is an Irish corporation having a principal place of business at Milner House, 18 Parliament Street, Hamilton JM11, Bermuda (referred to herein, together with Forest Laboratories, Inc., as "Forest").

**ANSWER:**    Sun lacks knowledge or information sufficient to form a belief about the truth of

the allegations in this paragraph and thus denies same.

3.    Plaintiff Merz Pharma GmbH & Co. KGaA is a German corporation having a principal place of business at Eckenheimer Landstrabe 100, D-60318 Frankfurt am Main, Germany.

**ANSWER:**    Sun lacks knowledge or information sufficient to form a belief about the truth of

the allegations in this paragraph and thus denies same.

4.    Plaintiff Merz Pharmaceuticals GmbH is a German corporation having a principal place of business at Eckenheimer Landstrabe 100, D-60318 Frankfurt am Main, Germany (referred to herein, together with Merz Pharma GmbH & Co. KGaA, as "Merz").

**ANSWER:**    Sun lacks knowledge or information sufficient to form a belief about the truth of

the allegations in this paragraph and thus denies same.

5.    Upon information and belief, Defendant Dr. Reddy's Laboratories, Inc. ("Dr. Reddy's Labs") is a New Jersey corporation, and the wholly-owned subsidiary and agent of Dr. Reddy's Laboratories Limited, having a principal place of business at 200 Somerset Corporate Boulevard, Building II, Bridgewater, New Jersey 08807.  Upon information and belief, Defendant Dr. Reddy's manufactures and/or distributes numerous generic drugs for sale and use throughout the United States, including in this judicial district.

**ANSWER:**    Sun lacks knowledge or information sufficient to form a belief about the truth of

the allegations in this paragraph and thus denies same.

6.    Upon information and belief, Defendant Dr. Reddy's Laboratories Limited ("Dr. Reddy's Limited") is an Indian corporation having a principal place of business at 7-1-27 Ameerpet, Hyderabad 500 016, India.  Upon information and belief, Defendant Dr. Reddy's Limited, itself and through its wholly-owned subsidiary and agent Defendant Dr. Reddy's Labs, manufactures numerous generic drugs for sale and use throughout the United States, including in this judicial district.

**ANSWER:**    Sun lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and thus denies same.

7.    Upon information and belief, Defendant Genpharm, L.P. ("Genpharm LP") is a New York entity, and the subsidiary and agent of Genpharm, Inc., having a principal place of business at 150 Motor Pkwy #309, Hauppauge, New York 11788. Upon information and belief, Defendant Genpharm LP manufactures and/or distributes numerous generic drugs for sale and use throughout the United States, including in this judicial district.

**ANSWER:**    Sun lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and thus denies same.

8.    Upon information and belief, Defendant Genpharm Inc. ("Genpharm") is a Canadian corporation having a principal place of business at 85 Advance Road, Etobicoke, Ontario M8Z 2S6, Canada. Upon information and belief, Defendant Genpharm, itself and through its subsidiary and agent Defendant Genpharm LP, manufactures numerous generic drugs for sale and use throughout the United States, including in this judicial district.

**ANSWER:**    Sun lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and thus denies same.

9.    Upon information and belief, Defendant Interpharm Holdings, Inc. ("Interpharm Holdings") is a Delaware corporation having a principal place of business at 75 Adams Avenue, Hauppage, New York 11788.

**ANSWER:**    Sun lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and thus denies same.

10.    Upon information and belief, Defendant Interpharm, Inc. ("Interpharm") is a New York corporation, and the wholly-owned subsidiary and agent of Interpharm Holdings, having a principal place of business at 75 Adams Avenue, Hauppage, New York 11788. Upon information and belief, Defendant Interpharm, itself and on behalf of its parent and principal Defendant Interpharm Holdings, manufactures numerous generic drugs for sale and use throughout the United States, including in this judicial district.

**ANSWER:**    Sun lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and thus denies same.

11.    Upon information and belief, Defendant Mylan Pharmaceuticals Inc. ("Mylan") is a West Virginia corporation having a principal place of business at 781 Chestnut Ridge Road, Morgantown, West Virginia 26505. Upon information and belief, Defendant Mylan manufactures numerous generic drugs for sale and use throughout the United States, including in this judicial district.

**ANSWER:**    Sun lacks knowledge or information sufficient to form a belief about the truth of

the allegations in this paragraph and thus denies same.

12.    Upon information and belief, Defendant Ranbaxy Inc. ("Ranbaxy") is a Delaware corporation, and the wholly-owned subsidiary and agent of Defendant Ranbaxy Laboratories Limited, having a principal place of business at 600 College Road East, Princeton, New Jersey 08540.

**ANSWER:**    Sun lacks knowledge or information sufficient to form a belief about the truth of

the allegations in this paragraph and thus denies same.

13.    Upon information and belief, Defendant Ranbaxy Laboratories Limited ("Ranbaxy Labs") is an Indian corporation having a principal place of business at Plot 90, Sector 32, Gurgaon, Haryana 122 001, India. Upon information and belief, Defendant Ranbaxy Labs, itself and through its wholly-owned subsidiary and agent Defendant Ranbaxy, manufactures numerous generic drugs for sale and use throughout the United States, including in this judicial district.

**ANSWER:**    Sun lacks knowledge or information sufficient to form a belief about the truth of

the allegations in this paragraph and thus denies same.

14.    Upon information and belief, Defendant Kendle International Inc. ("Kendle") is an Ohio corporation, and an agent of Defendant SUN INDIA Pharmaceutical Industries Limited (a/k/a/ SUN Pharmaceutical Industries Limited), having a principal place of business at 441 Vine Street, Cincinnati, Ohio 45202.

**ANSWER:**    Sun admits that Kendle International Inc. ("Kendle") is an agent of Sun. Sun

denies that Kendle is a defendant because Plaintiffs voluntarily dismissed Kendle from this

lawsuit. To the extent this paragraph alleges that Sun has a principal place of business at 441

Vine Street, Cincinnati, Ohio 45202, that allegation is denied. Sun lacks knowledge or

information sufficient to form a belief about the truth of the remaining allegations in this paragraph and thus denies same.

15.    Upon information and belief, Defendant Sun India Pharmaceutical Industries Limited ("Sun India") (a/k/a/ Sun Pharmaceutical Industries Limited) is an Indian corporation having a principal place of business at Acme Plaza, Andheri Kurla Road, Andheri (East), Mumbai, Maharashtra 400 059, India.   Upon information and belief, Defendant Sun India manufactures numerous generic drugs for sale and use throughout the United States, including in this judicial district.

**ANSWER:**    Sun admits the allegations in the first sentence of this paragraph.   Sun further admits that it is in the business of developing and manufacturing generic pharmaceutical products that are sold in the United States, but Sun denies that it sells such generic pharmaceutical products in the United States.   Sun lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and thus denies same.

16.    Upon information and belief, Defendant Synthon Holding B.V. ("Synthon Holding") is a Dutch entity having a principal place of business at Microweg 22,   CM Nijmegen, Netherlands.   Upon information and belief, Defendant Synthon Holding, itself and through its subsidiaries and agents Defendants Synthon B.V., Synthon Laboratories, Inc., and Synthon Pharmaceuticals, Inc., manufactures and/or distributes numerous generic drugs for sale and use throughout the United States, including in this judicial district.

**ANSWER:**    Sun lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and thus denies same.

17.    Upon information and belief, Defendant Synthon B.V. ("Synthon") is a Dutch entity having a principal place of business at Microweg 22, P.O. Box 7071, 6503 GN Nijmegen, Netherlands.   Upon information and belief, Defendant Synthon, itself, on behalf of its parent Defendant Synthon Holding, and through its sister companies and agents Defendants Synthon Laboratories, Inc., and Synthon Pharmaceuticals, Inc., manufactures and/or distributes numerous generic drugs for sale and use throughout the United States, including in this judicial district.

**ANSWER:**    Sun lacks knowledge or information sufficient to form a belief about the truth of

the allegations in this paragraph and thus denies same.

18.    Upon information and belief, Defendant Synthon Laboratories, Inc.
("Synthon Labs") is a Virginia corporation having a principal place of business at 7130
Heritage Village Plaza, Suite 201, Gainesville, Virginia 20155.  Upon information and
belief, Defendant Synthon Labs, itself and on behalf of its parent Defendant Synthon
Holding and its sister companies Defendants Synthon and Synthon Pharmaceuticals, Inc.,
submitted Abbreviated New Drug Application ("ANDA") No. 90-047 to the United States
Food and Drug Administration ("FDA").  Upon information and belief, Defendant Synthon
Labs, through its parent Defendant Synthon Holding and its sister companies Defendants
Synthon and Synthon Pharmaceuticals, Inc., manufactures and/or distributes numerous
generic drugs for sale and use throughout the United States, including in this judicial
district.

**ANSWER:**    Sun lacks knowledge or information sufficient to form a belief about the truth of

the allegations in this paragraph and thus denies same.

19.    Upon information and belief, Defendant Synthon Pharmaceuticals, Inc.
("Synthon Pharma") is a North Caroline corporation having a principal place of business at
9000 Development Drive, P.O. Box 110487, Research Triangle Park, North Carolina
27709.  Upon information and belief, Defendant Synthon Pharma, itself and on behalf of its
parent Defendant Synthon Holding and its sister companies Defendants Synthon and
Synthon Labs, manufactures and/or distributes numerous generic drugs for sale and use
throughout the United States, including in this judicial district.

**ANSWER:**    Sun lacks knowledge or information sufficient to form a belief about the truth of

the allegations in this paragraph and thus denies same.

## NATURE OF THE ACTION

20.    This is a civil action for infringement of United States Patent No. 5,061,703
(the "'703 patent") (Exhibit A).  This action is based upon the Patent Laws of the United
States, 35 U.S.C. § 100 *et seq.*

**ANSWER:**    This paragraph contains conclusions of law for which no response is required.  To

the extent a response is required, Sun admits that this is an action alleging patent infringement of

United States Patent No. 5,061,703 pursuant to the Patent Laws of the United States, 35 U.S.C.

§ 100 *et seq.*, but denies that Plaintiffs are entitled to such relief.

## JURISDICTION AND VENUE

21.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:**    This paragraph contains conclusions of law for which no response is required.  To

the extent a response is required, Sun admits, for purposes of this action only, that this Court has

jurisdiction over the subject matter of this action but denies that Sun has committed acts of

infringement in this judicial district.

22.    This Court has personal jurisdiction over each of the Defendants by virtue of the fact that, *inter alia*, each Defendant has committed, or aided, abetted, contributed to and/or participated in the commission of, the tortious act of patent infringement that has led to foreseeable harm and injury to Plaintiffs, including Plaintiff Forest Labs, a Delaware corporation.  This Court has personal jurisdiction over each of the Defendants for the additional reasons set forth below and for other reasons that will be presented to the Court if such jurisdiction is challenged.

**ANSWER:**    This paragraph contains conclusions of law for which no response is required.

Sun denies the remaining allegations in this paragraph as they relate to Sun.  To the extent a

response is required, Sun admits for purposes of this litigation only that this Court has personal

jurisdiction over Sun but denies that Sun has committed acts of infringement in this judicial

district.  Sun lacks knowledge or information sufficient to form a belief about the truth of the

allegations in this paragraph and thus denies same.

23.    This Court has personal jurisdiction over Defendant Dr. Reddy's Labs by virtue of, *inter alia*, its systematic and continuous contacts with Delaware.

**ANSWER:**    Sun lacks knowledge or information sufficient to form a belief about the truth of

the allegations in this paragraph and thus denies same.

24.    This Court has personal jurisdiction over Defendant Dr. Reddy's Limited by virtue of, *inter alia*, its systematic and continuous contacts with Delaware, including through its subsidiary and agent Dr. Reddy's Labs.

**ANSWER:**    Sun lacks knowledge or information sufficient to form a belief about the truth of

the allegations in this paragraph and thus denies same.

25.    This Court has personal jurisdiction over Defendant Genpharm LP by virtue of, *inter alia*, its systematic and continuous contacts with Delaware.

**ANSWER:**    Sun lacks knowledge or information sufficient to form a belief about the truth of

the allegations in this paragraph and thus denies same.

26.    This Court has personal jurisdiction over Defendant Genpharm by virtue of, *inter alia*, its systematic and continuous contacts with Delaware, including through its subsidiary and agent Genpharm LP.

**ANSWER:**    Sun lacks knowledge or information sufficient to form a belief about the truth of

the allegations in this paragraph and thus denies same.

27.    This Court has personal jurisdiction over Defendant Interpharm Holdings by virtue of the fact that, *inter alia*, Interpharm Holdings is a Delaware corporation.

**ANSWER:**    Sun lacks knowledge or information sufficient to form a belief about the truth of

the allegations in this paragraph and thus denies same.

28.    This Court has personal jurisdiction over Defendant Interpharm by virtue of, *inter alia*: (1) its presence in Delaware through its parent and principal Interpharm Holdings; and (2) its systematic and continuous contacts with Delaware, including through its parent and principal Interpharm Holdings.

**ANSWER:**    Sun lacks knowledge or information sufficient to form a belief about the truth of

the allegations in this paragraph and thus denies same.

29.    This Court has personal jurisdiction over Defendant Mylan by virtue of, *inter alia*, its systematic and continuous contacts with Delaware.

**ANSWER:**    Sun lacks knowledge or information sufficient to form a belief about the truth of

the allegations in this paragraph and thus denies same.

30.    This Court has personal jurisdiction over Defendant Ranbaxy by virtue of the
fact that, *inter alia*, Ranbaxy is a Delaware corporation.

**ANSWER:**    Sun lacks knowledge or information sufficient to form a belief about the truth of

the allegations in this paragraph and thus denies same.

31.    This Court has personal jurisdiction over Defendant Ranbaxy Labs by virtue
of, *inter alia*: (1) its presence in Delaware through its subsidiary and agent Ranbaxy; and
(2) its systematic and continuous contacts with Delaware, including through its subsidiary
and agent Ranbaxy.

**ANSWER:**    Sun lacks knowledge or information sufficient to form a belief about the truth of

the allegations in this paragraph and thus denies same.

32.    This Court has personal jurisdiction over Defendant Kendle by virtue of,
*inter alia*, its systematic and continuous contacts with Delaware.

**ANSWER:**    Sun denies that Kendle is a defendant because Plaintiffs voluntarily dismissed

Kendle from this lawsuit.  Sun lacks knowledge or information sufficient to form a belief about

the truth of the remaining allegations in this paragraph and thus denies same.

33.    This Court has personal jurisdiction over Defendant Sun India by virtue of,
*inter alia*, its systematic and continuous contacts with Delaware.

**ANSWER:**    This paragraph contains conclusions of law for which no response is required.  To

the extent a response is required, Sun admits for purposes of this litigation only that this Court

has personal jurisdiction over Sun but denies that Sun has committed acts of infringement in this

judicial district.

34.    This Court has personal jurisdiction over Defendant Synthon Holding by
virtue of, *inter alia*, its systematic and continuous contacts with Delaware, including
through its subsidiaries and agents Synthon, Synthon Labs, and Synthon Pharma.

**ANSWER:**    Sun lacks knowledge or information sufficient to form a belief about the truth of

the allegations in this paragraph and thus denies same.

35.    This Court has personal jurisdiction over Defendant Synthon by virtue of, *inter alia*, its systematic and continuous contacts with Delaware, including through its parent Synthon Holding and its sister companies and agents Synthon Labs and Synthon Pharma.

**ANSWER:**    Sun lacks knowledge or information sufficient to form a belief about the truth of

the allegations in this paragraph and thus denies same.

36.    This Court has personal jurisdiction over Defendant Synthon Labs by virtue of, *inter alia*, its systematic and continuous contacts with Delaware, including through its parent Synthon Holding and its sister companies Synthon and Synthon Pharma.

**ANSWER:**    Sun lacks knowledge or information sufficient to form a belief about the truth of

the allegations in this paragraph and thus denies same.

37.    This Court has personal jurisdiction over Defendant Synthon Pharma by virtue of, *inter alia*, its systematic and continuous contacts with Delaware, including through its parent Synthon Holding and its sister companies Synthon and Synthon Labs.

**ANSWER:**    Sun lacks knowledge or information sufficient to form a belief about the truth of

the allegations in this paragraph and thus denies same.

38.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

**ANSWER:**    This paragraph contains conclusions of law for which no response is required.  To

the extent a response is required, Sun admits for the purposes of this litigation only that there is

venue in this judicial district but denies that Sun has committed acts of infringement in this

venue or this judicial district.

**THE PATENT-IN-SUIT**

39.    On October 29, 1991, the '703 patent, titled "Adamantane Derivatives in the Prevention and Treatment of Cerebral Ischemia," was duly and legally issued by the United

States Patent and Trademark Office ("PTO"). Merz has been, and continues to be, the sole assignee of the '703 patent since its issuance.

**ANSWER:**    This paragraph contains conclusions of law for which no response is required. To the extent a response is required, Sun admits that the '703 patent is entitled "Adamantane Derivatives in the Prevention and Treatment of Cerebral Ischemia," and states on its face an issue date of October 29, 1991. Sun admits that, according to assignment records of the PTO, Merz is the assignee of the '703 patent. Sun denies the remaining allegations of this paragraph.

40.    Forest is the exclusive licensee of the '703 patent in the United States. Forest holds New Drug Application ("NDA") No. 21-487 for Namenda® brand memantine hydrochloride tablets. The '703 patent is listed in the *Approved Drug Products with Therapeutic Equivalence Evaluations* ("Orange Book") for Namenda®.

**ANSWER:**    Sun admits that, according to the U.S. Food & Drug Administration ("FDA") records, Forest is the approval holder of NDA No. 21-487 for NAMENDA® brand memantine hydrochloride tablets, and that the '703 patent is listed in the Orange Book for NAMENDA®. Sun denies the remaining allegations of this paragraph.

41.    Forest is the exclusive distributor of Namenda® in the United States.

**ANSWER:**    Sun lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and thus denies same.

42.    On August 18, 2004, Merz submitted a request to the PTO for reexamination of the '703 patent. The PTO issued a reexamination certificate (Exhibit B) for the '703 patent on November 7, 2006.

**ANSWER:**    Sun admits that the reexamination certificate for the '703 patent states on its face (1) an issue date of November 7, 2007, and (2) that a reexamination request was submitted on August 18, 2004. Sun denies the remaining allegations of this paragraph.

## ACTS GIVING RISE TO THIS ACTION

### Count I – Infringement Of The '703 Patent By
### Defendants Dr. Reddy's Limited And Dr. Reddy's Labs

Paragraphs 43 to 50.

**ANSWER:**    Sun lacks knowledge or information sufficient to form a belief about the truth of the allegations in these paragraphs and thus denies same.

### Count II – Infringement Of The '703 Patent By
### Defendants Genpharm And Genpharm LP

Paragraphs 51 to 58.

**ANSWER:**    Sun lacks knowledge or information sufficient to form a belief about the truth of the allegations in these paragraphs and thus denies same.

### Count III – Infringement Of The '703 Patent By
### Defendants Interpharm And Interpharm Holdings

Paragraphs 59 to 66.

**ANSWER:**    Sun lacks knowledge or information sufficient to form a belief about the truth of the allegations in these paragraphs and thus denies same.

### Count IV – Infringement Of The '703 Patent By Defendant Mylan

Paragraphs 67 to 72.

**ANSWER:**    Sun lacks knowledge or information sufficient to form a belief about the truth of the allegations in these paragraphs and thus denies same.

### Count V – Infringement Of The '703 Patent By
### Defendants Ranbaxy Labs And Ranbaxy

Paragraphs 73 to 80.

**ANSWER:**    Sun lacks knowledge or information sufficient to form a belief about the truth of

the allegations in these paragraphs and thus denies same.

## Count VI – Infringement Of The '703 Patent By
## Defendants Sun And Kendle

81.    Upon information and belief, Defendant Sun India, through its agent Kendle,
submitted ANDA No. 90-058 to the FDA under § 505(j) of the Federal Food, Drug and
Cosmetic Act (21 U.S.C. § 355(j)).  That ANDA seeks FDA approval for the commercial
manufacture, use and sale of generic tablet products containing 5 milligrams and 10
milligrams of memantine hydrochloride ("the Sun Generic Products").  ANDA No. 90-058
specifically seeks FDA approval to market the Sun Generic Products prior to the expiration
of the '703 patent.

**ANSWER:**    Sun admits that, through its agent Kendle, Sun submitted ANDA No. 90-058 to

the FDA to obtain approval for the commercial manufacture, use and sale of generic tablet

products containing 5 milligrams and 10 milligrams of memantine hydrochloride prior to the

expiration of the '703 patent.  Sun denies the remaining allegations of this paragraph.

82.    Pursuant to § 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug and Cosmetic
Act, Sun India alleged in ANDA No. 90-058 that the claims of the '703 patent are invalid,
unenforceable and/or not infringed by the commercial manufacture, use or sale of the Sun
Generic Products.  Plaintiffs received written notification of the ANDA No. 90-058 and its
§ 505(j)(2)(A)(vii)(IV) allegation on or about December 20, 2007.

**ANSWER:**    Sun admits that its notification to Forest on December 20, 2007 was sent pursuant

to § 505(j)(2)(B)(ii) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)(2)(B)(ii))

and 21 C.F.R. § 314.95 and that it alleges that the claims of the '703 patent are invalid,

unenforceable and/or not infringed by the commercial manufacture, use or sale of the Sun

generic tablets containing 5 milligrams and 10 milligrams of memantine hydrochloride.  Sun

denies the remaining allegations of this paragraph.

83.    Sun India's submission of ANDA No. 90-058 to the FDA, through its agent
Kendle, including its § 505(j)(2)(A)(vii)(IV) allegations, constitutes infringement of the
'703 patent under 35 U.S.C. § 271(e)(2)(A).  Moreover, if Sun India commercially

manufactures, uses, offers to sell, sells, or imports any of the Sun Generic Products, or induces or contributes to any such conduct, it would further infringe the '703 patent under 35 U.S.C. § 271(a), (b), and/or (c).

**ANSWER:**    Sun denies the allegations of this paragraph.


84.    Kendle is jointly and severally liable for any infringement of the '703 patent. Upon information and belief, Kendle participated in, contributed to, aided, abetted, and/or induced Sun India's submission of ANDA No. 90-058 and its § 505(j)(2)(A)(vii)(IV) allegations to the FDA.

**ANSWER:**    Sun admits that Kendle is its authorized U.S. agent, and submitted ANDA No. 90-058 to the FDA as an agent of Sun. Sun denies that Kendle is a defendant because Plaintiffs voluntarily dismissed Kendle from this lawsuit. Sun denies the remaining allegations of this paragraph.


85.    Kendle's participation in, contribution to, aiding, abetting, and/or inducement of submission of ANDA No. 90-058 and its § 505(j)(2)(A)(vii)(IV) allegations to the FDA constitutes infringement of the '703 patent under 35 U.S.C. § 271(e)(2)(A). Moreover, if Kendle commercially manufactures, uses, offers to sell, sells, or imports any of the Sun Generic Products, or induces or contributes to any such conduct, it would further infringe the '703 patent under 35 U.S.C. § 271(a), (b), and/or (c).

**ANSWER:**    Sun admits that Kendle is its authorized U.S. agent, and submitted ANDA No. 90-058 to the FDA as an agent of Sun. Sun denies that Kendle is a defendant because Plaintiffs voluntarily dismissed Kendle from this lawsuit. Sun denies the remaining allegations of this paragraph.


86.    Sun and Kendle were aware of the '703 patent prior to filing ANDA No. 90-058.

**ANSWER:**    Sun admits the allegations of this paragraph as they relate to Sun. Sun lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in these paragraphs and thus denies same.

87.    Sun India's and Kendle's actions render this an exceptional case under 35 U.S.C. § 285.

**ANSWER:**    Sun denies the allegations of this paragraph.

88.    Plaintiffs will be irreparably harmed by Sun India's and Kendle's infringing activities unless those activities are enjoined by this Court.    Plaintiffs do not have an adequate remedy at law.

**ANSWER:**    Sun denies the allegations of this paragraph.

### Count VII – Infringement Of The '703 Patent By Defendants
### Synthon Holding, Synthon, Synthon Labs, And Synthon Pharma

Paragraphs 89 to 100.

**ANSWER:**    Sun lacks knowledge or information sufficient to form a belief about the truth of

the allegations in these paragraphs and thus denies same.

### SUN'S AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiffs are not entitled to relief because they are estopped by the prosecution history of

the asserted '703 patent and subject to prosecution history laches.

### Third Affirmative Defense

Sun does not infringe, and if marketed would not infringe, any valid and enforceable

claim of the asserted '703 patent with the memantine hydrochloride products that are the subject

of ANDA 90-058.

### Fourth Affirmative Defense

The claims of the '703 patent are invalid for failure to comply with the statutory prerequisites of Title 35 of the United States Code, including without limitation, one or more of §§ 101, 102, 103, 112, 116, 132, 256, and 287.

### Fifth Affirmative Defense

Any additional defenses and counterclaims that discovery may reveal.

WHEREFORE, Sun hereby demands judgment dismissing Plaintiffs' Complaint with prejudice, judgment for costs and fees for suit, and for such other relief as the Court may deem just.

### COUNTERCLAIMS

For its counterclaims against Plaintiffs/Counterclaim-Defendants Forest Laboratories, Inc. and Forest Laboratories Holdings, Ltd. (collectively, "Forest"), and Merz Pharma GmbH & Co. KGaA and Merz Pharmaceuticals GmbH (collectively, "Merz"), Defendant and Counter-Plaintiff Sun India Pharmaceutical Industries Limited ("Sun") states as follows:

### Parties, Jurisdiction, and Venue

1.     Sun is an Indian corporation having corporate offices and a principal place of business at Acme Plaza, Andheri Kurla Road, Andheri (East), Mumbai, Maharashtra 400 059, India.

2.     On information and belief, Forest Laboratories, Inc. is a Delaware corporation having a principle place of business at 909 Third Avenue, New York, New York 10022.

3. On information and belief, Forest Laboratories Holdings, Ltd. is an Irish corporation having a principal place of business at Milner House, 18 Parliament Street, Hamilton JM11, Bermuda.

4. On information and belief, Merz Pharma GmbH & Co. KGaA is a German corporation having a principal place of business at Eckenheimer Landstrabe 100, D-60318 Frankfurt am Main, Germany.

5. On information and belief, Merz Pharmaceuticals GmbH is a German corporation having a principal place of business at Eckenheimer Landstrabe 100, D-60318 Frankfurt am Main, Germany.

6. This action arises under the patent laws of the United States. Subject matter jurisdiction is proper in this Court by Title 28, U.S.C. Sections 1331, 1338(a), 2201, and/or 2202.

7. Personal jurisdiction is proper in this Court as to Forest Laboratories Holdings, Ltd., Merz Pharma GmbH & Co. KGaA, and Merz Pharmaceuticals GmbH because each has subjected itself to the jurisdiction of this Court by virtue of filing its Complaint. Personal jurisdiction is proper in this Court as to Forest Laboratories, Inc. because it is a Delaware corporation and because it has subjected itself to the jurisdiction of this Court by virtue of filing its Complaint.

8. Venue is proper in this Court under Title 28, U.S.C. §§ 1391 and 1400.

### Background

9. The United States Patent and Trademark Office issued U.S. Patent No. 5,061,703 ("the '703 patent"), naming Merz + Co. GmbH & Co. as the assignee. Forest and Merz claim to have right, title, and interest in this patent.

10.    On information and belief, Forest Laboratories, Inc. is the current holder of approved New Drug Application ("NDA") No. 021-487 for a memantine hydrochloride tablet product, which has the proprietary name NAMENDA®.

11.    The Hatch-Waxman Amendments to the Federal Food, Drug, and Cosmetic Act ("Hatch Waxman Act") require NDA holders to disclose to the FDA the patent numbers and expiration dates of those patents that the holders believe claim the "drug" for which their NDA is submitted, or patents covering a "method of using such drug."   21 U.S.C. §§ 355(b)(1) and (c)(2).

12.    Forest Laboratories, Inc. listed the '703 patent in the publication "Approved Drug Products with Therapeutic Equivalence Evaluations," which is commonly called the "Orange Book."

13.    Sun submitted to the FDA a certification, commonly called a "paragraph IV certification", that the '703 patent listed in the Orange Book is invalid, unenforceable, and/or will not be infringed by its proposed generic product.  This submission, numbered ANDA 90-058, was part of Sun's § 505(j) application ("ANDA") that sought to obtain FDA approval for the marketing, commercial manufacture, use, and sale of generic memantine hydrochloride tablets in various dosages (5mg and 10mg).  These products are referred to as "Sun's ANDA tablets."

14.    An applicant submitting an ANDA containing a paragraph IV certification must notify both the patent holder and NDA holder of each of its paragraph IV certifications.  *See* 21 U.S.C. § 355(j)(2)(B).  Sun sent notice of its certification to both Forest and Merz under 21 U.S.C. § 355(j)(2)(B) on December 20, 2007.

15.    Upon receiving notice of the paragraph IV certifications, the patent holder has 45 days in which to file an infringement suit against the generic manufacturer. *See* 21 U.S.C. § 355(j)(5)(B)(iii); 35 U.S.C. § 271(e)(2)(A).  If the patent holders file suit within 45 days of receiving notice of a paragraph IV certification, FDA may not approve the generic maker's ANDA for a period of 30 months, absent certain exceptions requiring Court action. *See* 21 U.S.C. § 355(j)(5)(B)(iii).

16.    In the present litigation, Forest and Merz filed suit against Sun concerning the '703 patent on January 25, 2008.  Forest and Merz allege that Sun infringes valid claims of the '703 patent.  Sun denies such allegation.

17.    Contrary to allegations by Forest and Merz, Sun's ANDA tablets do not and will not infringe any valid claim of the '703 patent, at least because the proposed use of the Sun ANDA tablets (the treatment of moderate to severe dementia of the Alzheimer's type) is not encompassed within the scope of any valid claim of the '703 patent.

18.    Furthermore, the claims of the '703 patent are invalid, pursuant to 35 U.S.C. § 102 and/or § 103 as anticipated and/or obvious

19.    There has been and is now an actual and justiciable controversy between Sun, and Forest and Merz as to whether Sun's proposed ANDA memantine hydrochloride table products infringe, induce infringement, or contribute to the infringement of any valid claim of the '703 patent.

### COUNT I

### (Declaratory Judgment of Non-Infringement of the '703 Patent)

20.    Sun re-alleges and incorporates the allegations of all the above paragraphs.

21.    This counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

{A&L-00058501-}

22.     Forest and Merz allege that the manufacture, use, offer for sale, or sale of Sun's ANDA tablets do and will infringe claims of the '703 patent.

23.     Sun seeks a declaration that no valid claim of the '703 patent will be infringed by the manufacture, use, offer for sale, or sale of Sun's ANDA tablets.

24.     A present, genuine justiciable controversy therefore exists between Sun, and Forest and Merz regarding, *inter alia*, the issue of whether the manufacture, use, offer for sale, or sale of Sun's ANDA tablets would infringe valid claims of the '703 patent.

25.     Sun is entitled to a declaration that the manufacture, use, offer for sale, and sale of its ANDA tablets do not and will not infringe any valid claim of the '703 patent.

**COUNT II**

**(Declaratory Judgment of Invalidity of the '703 Patent)**

26.     Sun re-alleges and incorporates the allegations of all the above paragraphs.

27.     This counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

28.     On information and belief, the claims of the '703 patent are invalid for failure to comply with the statutory prerequisites of Title 35 of the United States Code, including without limitation, one or more of §§ 101, 102, 103, 112, 116, 132, 256, and 287.

29.     A present, genuine justiciable controversy therefore exists between Sun, and Forest and Merz regarding, inter alia, the issue of whether the claims of the '703 patent are valid.

30.     Sun is entitled to a declaration that the claims of the '703 patent are invalid.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant/Counterclaim-Plaintiff Sun prays that the Court enter judgment in its favor and against Plaintiff/Counterclaim-Defendants Forest and Merz as follows:

a)    Granting a declaration that Sun's ANDA products do not and will not infringe any valid claim of the '703 patent;

b)    Granting a declaration that the claims of the '703 patent are invalid;

c)    Awarding Sun costs and expenses for this action; and

d)    Awarding any and all such other relief as the Court determines to be just and proper.

                                              /s/ John M. Seaman
                                              Kevin G. Abrams (#2375)
Of *Counsel:*                                 John M. Seaman (#3868)
                                              ABRAMS & LASTER LLP
Charles B. Klein                              20 Montchanin Road, Suite 200
Jay L. Levine                                 Wilmington, DE 19807
WINSTON & STRAWN LLP                          Telephone: 302-778-1000
1700 K Street, N.W.                           Facsimile: 302-778-1001
Washington, DC 20006                          abrams@abramslaster.com
Telephone: (202) 282-5000                     seaman@abramslaster.com
Facsimile: (202) 282-5100
cklein@winston.com
jlevine@winston.com                           *Attorneys for Defendant*
                                              *Sun Pharmaceutical Industries Ltd.*

Dated: March 14, 2008