IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FOREST LABORATORIES, INC., FOREST LABORATORIES HOLDINGS, LTD., MERZ PHARMA GMBH & CO. KGAA, and MERZ PHARMACEUTICALS GMBH,<br><br>Plaintiffs,<br><br>v.<br><br>DR. REDDY'S LABORATORIES, INC., DR. REDDY'S LABORATORIES LIMITED, GENPHARM INC., GENPHARM, L.P., INTERPHARM HOLDINGS, INC., INTERPHARM, INC., MYLAN PHARMACEUTICALS INC., RANBAXY INC., RANBAXY LABORATORIES LIMITED, KENDLE INTERNATIONAL INC., SUN INDIA PHARMACEUTICAL INDUSTRIES LIMITED (a/k/a SUN PHARMACEUTICAL INDUSTRIES LTD.), SYTHON HOLDING B.V., SYNTHON B.V., SYNTHON LABORATORIES, INC., and SYNTHON PHARMACEUTICALS, INC.<br><br>Defendants. | C.A. No. 08-52-GMS |

**DR. REDDY'S LABORATORIES, INC.'S AND DR. REDDY'S LABORATORIES, LTD.'S ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIM**

Defendants Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories, Ltd. (collectively referred to hereinafter as "DRL") answer the Amended Complaint of Forest Laboratories, Inc. Forest Laboratories Holdings, Ltd., Merz Pharma GMBH & Co. KGAA, and Merz Pharmaceuticals GmbH, (collectively referred to hereinafter as "Plaintiffs") as follows:

1.  DRL is without sufficient information to admit or deny the allegations of paragraph 1 of the Amended Complaint.

2. DRL is without sufficient information to admit or deny the allegations of paragraph 2 of the Amended Complaint.

3. DRL is without sufficient information to admit or deny the allegations of paragraph 3 of the Amended Complaint.

4. DRL is without sufficient information to admit or deny the allegations of paragraph 4 of the Amended Complaint.

5. DRL admits the allegations in paragraph 5 of the Amended Complaint.

6. DRL admits the allegations in paragraph 6 of the Amended Complaint.

7. DRL is without sufficient information to admit or deny the allegations of paragraph 7 of the Amended Complaint.

8. DRL is without sufficient information to admit or deny the allegations of paragraph 8 of the Amended Complaint.

9. DRL is without sufficient information to admit or deny the allegations of paragraph 9 of the Amended Complaint.

10. DRL is without sufficient information to admit or deny the allegations of paragraph 10 of the Amended Complaint.

11. DRL is without sufficient information to admit or deny the allegations of paragraph 11 of the Amended Complaint.

12 DRL is without sufficient information to admit or deny the allegations of paragraph 12 of the Amended Complaint.

13. DRL is without sufficient information to admit or deny the allegations of paragraph 13 of the Amended Complaint.

14. DRL is without sufficient information to admit or deny the allegations of paragraph 14 of the Amended Complaint.

15. DRL is without sufficient information to admit or deny the allegations of paragraph 15 of the Amended Complaint.

16. DRL is without sufficient information to admit or deny the allegations of paragraph 16 of the Amended Complaint.

17. DRL is without sufficient information to admit or deny the allegations of paragraph 17 of the Amended Complaint.

18. DRL is without sufficient information to admit or deny the allegations of paragraph 18 of the Amended Complaint.

19. DRL is without sufficient information to admit or deny the allegations of paragraph 19 of the Amended Complaint.

20. DRL admits the allegations in paragraph 20 of the Amended Complaint.

21. DRL admits the allegations in paragraph 21 of the Amended Complaint.

22. DRL does not contest that this Court has personal jurisdiction over DRL. All other allegations in paragraph 22 of the Amended Complaint directed to DRL are denied. DRL is without sufficient information to admit or deny the allegations of paragraph 22 of the Amended Complaint that are not directed to DRL.

23. DRL does not contest that this Court has personal jurisdiction over DRL. All other allegations in paragraph 23 of the Amended Complaint are conclusions of law to which DRL need not respond.

24. DRL does not contest that this Court has personal jurisdiction over DRL. All other allegations in paragraph 24 of the Amended Complaint are conclusions of law to which DRL need not respond.

25. DRL is without sufficient information to admit or deny the allegations of paragraph 25 of the Amended Complaint.

26. DRL is without sufficient information to admit or deny the allegations of paragraph 26 of the Amended Complaint.

27. DRL is without sufficient information to admit or deny the allegations of paragraph 27 of the Amended Complaint.

28. DRL is without sufficient information to admit or deny the allegations of paragraph 28 of the Amended Complaint.

29. DRL is without sufficient information to admit or deny the allegations of paragraph 29 of the Amended Complaint.

30. DRL is without sufficient information to admit or deny the allegations of paragraph 30 of the Amended Complaint.

31. DRL is without sufficient information to admit or deny the allegations of paragraph 31 of the Amended Complaint.

32. DRL is without sufficient information to admit or deny the allegations of paragraph 32 of the Amended Complaint.

33. DRL is without sufficient information to admit or deny the allegations of paragraph 33 of the Amended Complaint.

34. DRL is without sufficient information to admit or deny the allegations of paragraph 34 of the Amended Complaint.

35.   DRL is without sufficient information to admit or deny the allegations of paragraph 35 of the Amended Complaint.

36.   DRL is without sufficient information to admit or deny the allegations of paragraph 36 of the Amended Complaint.

37.   DRL is without sufficient information to admit or deny the allegations of paragraph 37 of the Amended Complaint.

38.   DRL admits the allegations in paragraph 38 of the Amended Complaint.

39.   DRL admits that U.S. Patent 5,061,703 was issued by the PTO on October 29, 1991 and was titled as alleged. DRL denies the remaining allegations of the first sentence of paragraph 39 of the Amended Complaint. DRL is without sufficient information to admit or deny the allegations of the second sentence of paragraph 39 of the Amended Complaint.

40.   DRL is without sufficient information to admit or deny the allegations of the first sentence of paragraph 40 of the Amended Complaint. DRL admits the allegations of the second sentence of paragraph 40 of the Amended Complaint.

41.   DRL is without sufficient information to admit or deny the allegations of paragraph 41 of the Amended Complaint.

42.   DRL admits the allegations in paragraph 42 of the Amended Complaint, except that DRL is without sufficient information to admit or deny that it was Merz who submitted the alleged request.

43.   DRL admits the allegations of paragraph 43 of the Amended Complaint, except that DRL denies that it seeks approval to commercially manufacture, use, sell or market DRL's Generic Products for indications beyond the indication stated in ANDA No. 90-048.

44. DRL admits the allegations in the first sentence of paragraph 44 of the Amended Complaint. DRL is without sufficient information to admit or deny the remaining allegations of paragraph 44 of the Amended Complaint.

45. DRL denies the allegations in paragraph 45 of the Amended Complaint.

46. DRL denies the allegations in paragraph 46 of the Amended Complaint.

47. DRL denies the allegations in paragraph 47 of the Amended Complaint.

48. DRL admits the allegations in paragraph 48 of the Amended Complaint.

49. DRL denies the allegations in paragraph 49 of the Amended Complaint.

50. DRL denies the allegations in paragraph 50 of the Amended Complaint.

51. DRL is without sufficient information to admit or deny the allegations of paragraph 51 of the Amended Complaint.

52. DRL is without sufficient information to admit or deny the allegations of paragraph 52 of the Amended Complaint.

53. DRL is without sufficient information to admit or deny the allegations of paragraph 53 of the Amended Complaint.

54. DRL is without sufficient information to admit or deny the allegations of paragraph 54 of the Amended Complaint.

55. DRL is without sufficient information to admit or deny the allegations of paragraph 55 of the Amended Complaint.

56. DRL is without sufficient information to admit or deny the allegations of paragraph 56 of the Amended Complaint.

57. DRL is without sufficient information to admit or deny the allegations of paragraph 57 of the Amended Complaint.

58. DRL is without sufficient information to admit or deny the allegations of paragraph 58 of the Amended Complaint.

59. DRL is without sufficient information to admit or deny the allegations of paragraph 59 of the Amended Complaint.

60. DRL is without sufficient information to admit or deny the allegations of paragraph 60 of the Amended Complaint.

61. DRL is without sufficient information to admit or deny the allegations of paragraph 61 of the Amended Complaint.

62. DRL is without sufficient information to admit or deny the allegations of paragraph 62 of the Amended Complaint.

63. DRL is without sufficient information to admit or deny the allegations of paragraph 63 of the Amended Complaint.

64. DRL is without sufficient information to admit or deny the allegations of paragraph 64 of the Amended Complaint.

65. DRL is without sufficient information to admit or deny the allegations of paragraph 65 of the Amended Complaint.

66. DRL is without sufficient information to admit or deny the allegations of paragraph 66 of the Amended Complaint.

67. DRL is without sufficient information to admit or deny the allegations of paragraph 67 of the Amended Complaint.

68. DRL is without sufficient information to admit or deny the allegations of paragraph 68 of the Amended Complaint.

69. DRL is without sufficient information to admit or deny the allegations of paragraph 69 of the Amended Complaint.

70. DRL is without sufficient information to admit or deny the allegations of paragraph 70 of the Amended Complaint.

71. DRL is without sufficient information to admit or deny the allegations of paragraph 71 of the Amended Complaint.

72. DRL is without sufficient information to admit or deny the allegations of paragraph 72 of the Amended Complaint.

73. DRL is without sufficient information to admit or deny the allegations of paragraph 73 of the Amended Complaint.

74. DRL is without sufficient information to admit or deny the allegations of paragraph 74 of the Amended Complaint.

75. DRL is without sufficient information to admit or deny the allegations of paragraph 75 of the Amended Complaint.

76. DRL is without sufficient information to admit or deny the allegations of paragraph 76 of the Amended Complaint.

77. DRL is without sufficient information to admit or deny the allegations of paragraph 77 of the Amended Complaint.

78. DRL is without sufficient information to admit or deny the allegations of paragraph 78 of the Amended Complaint.

79. DRL is without sufficient information to admit or deny the allegations of paragraph 79 of the Amended Complaint.

80. DRL is without sufficient information to admit or deny the allegations of paragraph 80 of the Amended Complaint.

81. DRL is without sufficient information to admit or deny the allegations of paragraph 81 of the Amended Complaint.

82. DRL is without sufficient information to admit or deny the allegations of paragraph 82 of the Amended Complaint.

83. DRL is without sufficient information to admit or deny the allegations of paragraph 83 of the Amended Complaint.

84. DRL is without sufficient information to admit or deny the allegations of paragraph 84 of the Amended Complaint.

85. DRL is without sufficient information to admit or deny the allegations of paragraph 85 of the Amended Complaint.

86. DRL is without sufficient information to admit or deny the allegations of paragraph 86 of the Amended Complaint.

87. DRL is without sufficient information to admit or deny the allegations of paragraph 87 of the Amended Complaint.

88. DRL is without sufficient information to admit or deny the allegations of paragraph 88 of the Amended Complaint.

89. DRL is without sufficient information to admit or deny the allegations of paragraph 89 of the Amended Complaint.

90. DRL is without sufficient information to admit or deny the allegations of paragraph 90 of the Amended Complaint.

91. DRL is without sufficient information to admit or deny the allegations of paragraph 91 of the Amended Complaint.

92. DRL is without sufficient information to admit or deny the allegations of paragraph 92 of the Amended Complaint.

93. DRL is without sufficient information to admit or deny the allegations of paragraph 93 of the Amended Complaint.

95. DRL is without sufficient information to admit or deny the allegations of paragraph 95 of the Amended Complaint.

96. DRL is without sufficient information to admit or deny the allegations of paragraph 96 of the Amended Complaint.

97. DRL is without sufficient information to admit or deny the allegations of paragraph 97 of the Amended Complaint.

98. DRL is without sufficient information to admit or deny the allegations of paragraph 98 of the Amended Complaint.

99. DRL is without sufficient information to admit or deny the allegations of paragraph 99 of the Amended Complaint.

100. DRL is without sufficient information to admit or deny the allegations of paragraph 100 of the Amended Complaint.

## FIRST DEFENSE

None of DRL's alleged activities infringes, induces the infringement or contributes to the infringement of the '703 patent.

## SECOND DEFENSE

In the alternative, if any of DRL's alleged activities infringes, induces the infringement or contributes to the infringement of the '703 patent, that claim is invalid under 35 U.S.C. § 102 and/or 35 U.S.C. § 103.

## THIRD DEFENSE

In the alternative, if any of DRL's alleged activities infringes, induces the infringement or contributes to the infringement of the '703 patent, that claim is invalid under 35 U.S.C. § 305.

## FOURTH DEFENSE

The '703 patent is invalid under 35 U.S.C. § 112.

## FIFTH DEFENSE

On information and belief, DRL alleges that discovery will show that the '703 patent is unenforceable because at least one person with a duty of disclosure withheld Fleischhacker, et al., Progress in Neuro-Psychopharmacology & Biological Psychiatry, 10:87-97 (1986), which was a material reference, from the PTO during the prosecution of the '703 patent with intent to deceive.

## COUNTERCLAIMS

Counterclaim-Plaintiffs Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories, Ltd., (collectively "DRL"), for their Counterclaims against Counterclaim-Defendants, Forest Laboratories, Inc. Forest Laboratories Holdings, Ltd., Merz Pharma GMBH & Co. KGAA, and Merz Pharmaceuticals GMBH, (collectively referred to hereinafter as "Plaintiffs") allege as follows:

## THE PARTIES

1. Dr. Reddy's Laboratories, Inc. is a New Jersey corporation, having its principal place of business at 200 Somerset Corporate Blvd., 7th Floor, Bridgewater, New Jersey 08807.

2. Dr. Reddy's Laboratories, Ltd. is an Indian public limited liability company incorporated existing under the laws of India and having a principal place of business at 7-1-27, Ameerpet, Hyderabad 500 016, India.

3. On information and belief, Forest Laboratories, Inc., is a Delaware corporation having a principal place of business at 909 Third Avenue, New York, New York 10022.

4. On information and belief, Forest Laboratories Holdings, Ltd. is an Irish corporation having a principal place of business at Milner House, 18 Parliament Street, Hamilton JM11, Bermuda. Forest Laboratories, Inc. and Forest Laboratories Holdings, Ltd. are referred to collectively hereinafter as "Forest."

5. On information and belief, Merz Pharma GmbH & Co, KGaA is a German corporation having a principal place of business at Eckenheimer Landstraße 100, D-60318 Frankfurt am Main, Germany.

6. On information and belief, Merz Pharmaceuticals GmbH is a German corporation having a principal place of business at Eckenheimer Landstraße 100, D-60318 Frankfurt am Main, Germany.

## JURISDICTION AND VENUE

7. This action arises under the Patent Laws of the United States, 35 U.S.C. §1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

8. This Court has original jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

9.  This Court has personal jurisdiction over Plaintiffs because Plaintiffs have availed themselves of the rights and privileges of this forum by suing DRL in this District.

10. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400(b).

## FACTUAL BACKGROUND

11. United States Patent No. 5,061,703 ("the '703 patent") issued on October 29, 1991.

12. Upon information and belief, Merz Pharma GmbH & Co. KGaA, and Merz Pharmaceuticals GmbH, have been and continue to be, the assignees of the '703 patent since its issuance.

13. Upon information and belief, Forest is the exclusive licensee of the '703 patent in the United States.

14. Upon information and belief, Forest holds New Drug Application ("NDA") No. 21-487 for Namenda® brand name memantine hydrochloride tablets.

15. Defendant/Counterclaim Plaintiff DRL submitted ANDA No. 90-048 to the FDA under § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)). That ANDA seeks FDA approval within the stated indication for the commercial manufacture, use and sale of generic tablet products containing 5 milligrams and 10 milligrams of memantine hydrochloride (" DRL's Generic Products"). ANDA No. 90-048 specifically seeks FDA approval to market DRL's Generic Products within the stated indication prior to the expiration of the '703 patent.

16. Pursuant to § 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug and Cosmetic Act, DRL alleged in ANDA No. 90-048 that the claims of the '703 patent are invalid, unenforceable and/or not infringed by the commercial manufacture, use or sale of DRL's Generic Products.

13

17. On January 25, 2008, Plaintiffs sued DRL in this District alleging infringement of the '703 patent.

18. An actual and justiciable controversy exists regarding the '703 patent by virtue of Plaintiffs' Complaint. Thus, an actual controversy exists between Plaintiffs and DRL as to the non-infringement, invalidity and unenforceability of the '703 patent. DRL requires an immediate declaration of its rights vis-à-vis Plaintiffs with respect to the '703 patent.

### FIRST CLAIM FOR RELIEF

(Declaratory Judgment of Non-Infringement of the '703 Patent)

19. DRL reasserts and realleges the averments of paragraphs 1-18 of the Counterclaims as if fully set forth herein.

20. There is an actual, substantial and continuing justiciable case or controversy between DRL and Plaintiffs regarding the non-infringement of the '703 patent.

21. The manufacture, use, sale, offer for sale, and/or importation of DRL's Generic Products have not infringed, do not infringe, and would not, if marketed, infringe, induce infringement or contribute to the infringement of any claim of the '703 patent.

22. DRL is entitled to a judicial declaration that the manufacture, use, sale, offer for sale, and/or importation of DRL's Generic Products have not infringed, do not infringe, and would not, if marketed, infringe, induce infringement or contribute to the infringement of any claim of the '703 patent.

### SECOND CLAIM FOR RELIEF

(Declaratory Judgment of Invalidity of the '703
Patent under 35 U.S.C. § 102 and/or 35 U.S.C. § 103)

23. DRL reasserts and realleges each of the foregoing paragraphs 1-18 of the Counterclaims as if fully set forth herein.

24. There is an actual, substantial and continuing justiciable case or controversy between DRL and Plaintiffs regarding the invalidity of the '703 patent.

25. If any of DRL's alleged activities infringes, induces the infringement or contributes to the infringement of any claim of the '703 patent, that claim is invalid under 35 U.S.C. § 102 and/or 35 U.S.C. § 103.

26. DRL is entitled to a judicial decision that the claims of the '703 patent are invalid.

### THIRD CLAIM FOR RELIEF

(Declaratory Judgment of Invalidity of
the '703 Patent under 35 U.S.C. § 305)

27. DRL reasserts and realleges each of the foregoing paragraphs 1-18 of the Counterclaims as if fully set forth herein.

28. There is an actual, substantial and continuing justiciable case or controversy between DRL and Plaintiffs regarding the invalidity of the '703 patent.

29. If any of DRL's alleged activities infringes, induces the infringement or contributes to the infringement of any claim of the '703 patent, that claim is invalid under 35 U.S.C. § 305.

30. DRL is entitled to a judicial decision that the claims of the '703 patent are invalid.

### FOURTH CLAIM FOR RELIEF

(Declaratory Judgment of Invalidity of
the '703 Patent under 35 U.S.C. § 112

31. DRL reasserts and realleges each of the foregoing paragraphs 1-18 of the Counterclaims as if fully set forth herein.

32. There is an actual, substantial and continuing justiciable case or controversy between DRL and Plaintiffs regarding the invalidity of the '703 patent.

33. The claims of the '703 patent are invalid under 35 U.S.C. § 305.

34. DRL is entitled to a judicial decision that the claims of the '703 patent are invalid.

### FIFTH CLAIM FOR RELIEF

(Declaratory Judgment of Unenforceability of the '703 Patent)

35. DRL reasserts and realleges each of the foregoing paragraphs 1-18 of the Counterclaims as if fully set forth herein.

36. DRL alleges that discovery will show that the '703 patent is unenforceable because at least one person with a duty of disclosure withheld Fleischhacker, et al., Progress in Neuro-Psychopharmacology & Biological Psychiatry, 10:87-97 (1986), which was a material reference, from the PTO during the prosecution of the '703 patent with intent to deceive.

37. The '703 patent is unenforceable for inequitable conduct.

WHEREFORE, DRL respectfully requests that this Court:

(a) Declare that the manufacture, use sale, offer for sale, or importation of the DRL General Products that are the subject of DRL's ANDA No. 90-048 have not infringed, do not infringe, and would not, if marketed, infringe, induce infringement or contribute to the infringement of any valid and enforceable claim of the '703 patent;

(b) Declare that the claims of the '703 patent are invalid;

(c) Declare that the '703 patent is unenforceable;

(d) Enter an order dismissing the Amended Complaint, with prejudice, and denying Plaintiffs the relief requested in the Amended Complaint and any relief whatsoever;

16

(e) Declare this case exceptional and award DRL its attorney's fees and costs under 35 U.S.C. §285;

(f) Enjoin Plaintiffs, their officers, agents, servants, employees, attorneys, and any person who acts in concert or participation with any plaintiff from threatening to assert or otherwise attempting to enforce the '703 patent against DRL, its customers, suppliers, or anyone in privity with DRL; and

(g) Award DRL such other and further relief as the Court may deem just and proper.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Louis H. Weinstein
BUDD LARNER, P.C.
150 John F. Kennedy Parkway
Short Hills, NJ 07078-2703
Tel: (973) 379-4800

By: /s/ Richard L. Horwitz
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@pottersanderson.com

*Attorneys for Defendants*
*Dr. Reddy's Laboratories, Inc., and*
*Dr. Reddy's Laboratories, Ltd.*

Dated: March 20, 2008
856279 / 32708

17

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Richard L. Horwitz, hereby certify that on March 20, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on March 20, 2008, the attached document was Electronically Mailed the document to the following person(s):

Jack B. Blumenfeld
Maryellen Noreika
James W. Parrett, Jr.
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
Wilmington, DE 19899
jblumenfeld@mnat.com
mnoreika@mnat.com
jparrett@mnat.com
*Counsel for Plaintiffs*

Gerald J. Flattmann, Jr.
Melanie R. Rupert
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022
gflattmann@kirkland.com
mrupert@kirkland.com
*Counsel for Plaintiffs*

F. Dominic Cerrito
Daniel L. Malone
Eric C. Stops
JONES DAY
222 East 41st Street
New York, NY 10017
fdcerrito@jonesday.com
dlmalone@jonesday.com
estops@jonesday.com
*Counsel for Plaintiffs*

Joseph S. Naylor
Balick & Balick, LLC
711 King Street
Wilmington, DE 19801
jnaylor@balick.com
*Counsel for Defendants Genpharm Inc., Genpharm, L.P. and Mylan Pharmaceuticals Inc.*

William Zimmerman
KNOBBE MARTENS OLSON & BEAR LLP
2040 Main Street, 14th Floor
Irvine, CA 92614-3641
bzimmerman@kmob.com
*Counsel for Defendants Ranbaxy Inc., and Ranbaxy Laboratories Limited*

Charles B. Klein
Jay L. Levine
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817
cklein@winston.com
jlevine@winston.com
*Counsel for Defendant Sun Pharmaceutical Industries Ltd.*

E. Anthony Figg
Joseph A. Hynds
Lisa N. Phillips
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W., Suite 800
Washington, D.C. 20005
efigg@rothwellfigg.com
jhynds@rothwellfigg.com
lphillips@rothwellfigg.com
*Counsel for Defendants Synthon Holding B.V., Synthon B.V., Synthon Laboratories, Inc. and Synthon Pharmaceuticals, Inc.*

Jeffrey A. Hovden
FROMMER LAWRENCE & HAUG LLP
745 Fifth Avenue
New York, NY 10151
jhovden@flhlaw.com
*Counsel for Defendants Genpharm Inc., Genpharm, L.P. and Mylan Pharmaceuticals Inc.*

Kevin G. Abrams
John M. Seaman
ABRAMS & LASTER LLPD
20 Montchanin Road, Suite 200
Wilmington, DE 19807
Abrams@abramslaster.com
Seaman@abramslaster.com
*Counsel for Defendant Sun Pharmaceutical Industries Ltd.*

Elizabeth M. McGeever
Melissa N. Donimirski
Prickett, Jones & Elliott, P.A.
1310 King Street
Wilmington, DE 19899
emmcgeever@prickett.com
MNDonimirski@Prickett.com
*Counsel for Defendants Synthon Holding B.V., Synthon B.V., Synthon Laboratories, Inc. and Synthon Pharmaceuticals, Inc.*

2

/s/ *Richard L. Horwitz*
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

853209 / 32708 / 32734

3