IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FOREST LABORATORIES, INC., FOREST LABORATORIES HOLDINGS, LTD., MERZ PHARMA GMBH & CO. KGAA, and MERZ PHARMACEUTICALS GMBH, | ) ) ) ) ) ) |
| Plaintiffs, | ) ) ) C.A. No. 08-52 (GMS) (LPS) |
| vs. | ) ) ) |
| DR. REDDY'S LABORATORIES, INC., DR. REDDY'S LABORATORIES LIMITED, GENPHARM INC., GENPHARM, L.P., INTERPHARM HOLDINGS, INC., INTERPHARM, INC., MYLAN PHARMACEUTICALS INC., RANBAXY INC., RANBAXY LABORATORIES LIMITED, SUN INDIA PHARMACEUTICAL INDUSTRIES LIMITED (a/k/a SUN PHARMACEUTICAL INDUSTRIES LTD.), SYNTHON HOLDING B.V., SYNTHON B.V., SYNTHON LABORATORIES, INC., and SYNTHON PHARMACEUTICALS, INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**PLAINTIFFS' MOTION FOR LEAVE TO TAKE JURISDICTIONAL DISCOVERY
AND TO EXTEND THEIR TIME TO RESPOND
TO SYNTHON'S MOTION TO DISMISS**

On March 12, 2008, defendants Synthon Laboratories, Inc. ("Synthon Labs"), Synthon

Pharmaceuticals, Inc. ("Synthon Pharma"), Synthon Holding B.V. and Synthon B.V.

(collectively "the Synthon entities" or "Synthon") moved to dismiss for lack of personal

jurisdiction (D.I. 47).  Plaintiffs Forest Laboratories, Inc., Forest Laboratories Holdings, Ltd.,

Merz Pharma GmbH & Co. KGaA and Merz Pharmaceuticals GmbH (collectively "Plaintiffs")

hereby move for leave to take jurisdictional discovery and to extend their time to respond to Synthon's motion.

## **INTRODUCTION**

Plaintiffs seek leave to take limited jurisdictional discovery for a 90-day period regarding the allegations raised by Synthon's motion to dismiss for lack of personal jurisdiction. There is a strong presumption in favor of allowing them to do so, and extensions are frequently agreed upon by the parties for that purpose without the need for judicial intervention. But despite Plaintiffs' best efforts, Synthon has refused to consent to a period of jurisdictional discovery or an extension of Plaintiffs' time to respond to its motion.

Courts routinely grant jurisdictional discovery to a plaintiff faced with responding to a motion to dismiss for lack of personal jurisdiction, so long as the requested discovery is not clearly frivolous. The discovery that Plaintiffs seek here easily rises above this low threshold. Through an independent investigation of publicly-available documents, Plaintiffs have already found facts that support their request for jurisdictional discovery. Plaintiffs should be given an opportunity to further explore and build upon these facts – but can only do so by obtaining limited jurisdictional discovery from Synthon.

Refusing to permit Plaintiffs to take jurisdictional discovery would be extremely prejudicial to Plaintiffs and to the Court's ultimate decision on the motion to dismiss. Without jurisdictional discovery, Plaintiffs will not be afforded the opportunity to test the allegations in Synthon's motion, to question Synthon's three declarants about their supporting submissions (D.I. 48-2, 48-3 & 48-4) or to examine the documents that bear upon their testimony. Collecting the evidence most relevant to Plaintiffs' response would also be impossible, as Synthon would be given *carte blanche* to disclose only the facts that are most helpful to its position, while ignoring

those that are not.  Similarly, the Court would have to decide Synthon's motion to dismiss in a vacuum, based solely upon evidence that was cherry-picked by Synthon.

## NATURE AND STAGE OF PROCEEDINGS

Plaintiff Forest Laboratories, Inc. ("Forest Labs") is an innovative pharmaceutical company that identifies, develops and delivers new pharmaceutical products, focusing on the therapeutic areas of the central nervous, cardiovascular and respiratory systems.  Plaintiff Forest Laboratories Holdings, Ltd. ("Forest Holdings") is a wholly-owned subsidiary of Forest Labs. Plaintiffs Merz Pharma GmbH & Co KGaA and Merz Pharmaceuticals GmbH (collectively "Merz") are international pharmaceutical companies engaged in the research and development of drugs for the treatment of psychiatric and neurological disorders.

Merz is the assignee of U.S. Patent No. 5,061,703 ("the '703 patent"), entitled "Adamantane Derivatives in the Prevention and Treatment of Cerebral Ischemia."  The '703 patent relates generally to a method for the prevention and treatment of cerebral ischemia using an adamantine derivative, including the derivative memantine hydrochloride.  Plaintiff Forest Holdings is the exclusive licensee of the '703 patent.

Forest Labs is the holder of New Drug Application ("NDA") No. 21-487 for memantine hydrochloride tablets, which are commercially marketed in the United States under the brand name NAMENDA®.  NAMENDA® is FDA-approved for the treatment of moderate to severe dementia of the Alzheimer's type.  (D.I. 48-5 at 4.)  The '703 patent is listed in the U.S. Food and Drug Administration's ("FDA") *Approved Drug Products with Therapeutic Equivalence Evaluations* ("the Orange Book") as covering NAMENDA®.

Fourteen companies have recently submitted Abbreviated New Drug Applications ("ANDAs") with accompanying Paragraph IV certifications to the FDA, pursuant to § 505(j) of the Federal Food, Drug and Cosmetic Act, seeking approval to commercially manufacture, use

and sell a generic version of NAMENDA® prior to the expiration of the '703 patent.  Under the

provisions of the Hatch-Waxman Act, the submission of these ANDAs constitutes infringement

of the '703 patent.  *See* 35 U.S.C. § 271(e)(2)(A).  In order to trigger a 30-month stay of approval

of the ANDAs, Plaintiffs were required to file an action for infringement of the '703 patent

within forty-five days of receiving notice of the respective Paragraph IV certifications.  21

U.S.C. § 355(j)(5)(B)(iii).  As a result, on January 10, 2008, Plaintiffs filed Complaints in this

District (Civil Action Nos. 08-21 and 08-22) against a number of defendants.  On January 25,

2008, Plaintiffs filed this action (Civil Action No. 08-52) against additional defendants.  After

that Complaint was filed, Plaintiffs received notice that Synthon had submitted a Paragraph IV

certification for a generic memantine product.  On February 15, 2008, Plaintiffs amended their

Complaint in this action to add the Synthon entities as defendants.

Only two of the thirteen ANDA filers have moved to dismiss for lack of personal

jurisdiction.  Orchid Chemicals and Pharmaceuticals, Ltd. ("Orchid India") filed its motion to

dismiss for lack of personal jurisdiction (D.I. 43 in 08-21) on March 3, 2008.  Orchid India has

since consented to limited jurisdictional discovery and entered into a stipulation with Plaintiffs

(D.I. 54 in 08-21) extending Plaintiffs' time to respond to its motion until the earlier of (a) 10

days following the completion of jurisdictional discovery, or (b) June 18, 2008.

Synthon filed its motion to dismiss for lack of personal jurisdiction on March 12, 2008.[1]

Unlike Orchid India, Synthon has refused to consent to jurisdictional discovery or to an

extension of Plaintiffs' time to respond to its motion.

---

[1]     Given the possible consequences of Synthon's motion to dismiss, Plaintiffs filed a second
suit against Synthon in the Eastern District of North Carolina (No. 5:08-CV-00150-D) on
March 20, 2008.  Plaintiffs maintain that Synthon is properly subject to personal jurisdiction

(Continued…)

4

## ARGUMENT

### I.    The Relevant Legal Standards

As a general matter, "jurisdictional discovery should be allowed unless the plaintiff's claim is 'clearly frivolous.'" *Mass. Sch. of Law of Andover v. Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997) (internal citations omitted); *see also Energy Transp. Group, Inc. v. Sonic Innovations, Inc.*, No. 05-422-GMS, slip. op. at 3 (D. Del. Dec. 4, 2006) (allowing jurisdictional discovery); *Compagnie Des Bauxites de Guinee v. L'Union Atlantique S.A. d'Assurances*, 723 F.2d 357, 362 (3d Cir. 1983) (same); *McNeil Nutritionals, LLC v. Sugar Ass'n*, No. 05-69-GMS, 2005 U.S. Dist. LEXIS 7628, at *13 (D. Del. 2005) (same). "Thus, resolution of this motion begins with the presumption in favor of allowing discovery to establish jurisdiction." *See Hansen v. Neumueller GmbH*, 163 F.R.D. 471, 474 (D. Del. 1995); *McNeil Nutritionals*, 2005 U.S. Dist. LEXIS 7628, at *4.

Jurisdictional discovery is necessary and appropriate because the defendant often has complete control of facts necessary to establish personal jurisdiction. *See Compagnie Des Bauxites*, 723 F.2d at 362; *see also Hansen*, 163 F.R.D. at 476 ("Courts have recognized that facts which would establish personal jurisdiction over the defendant are often in the exclusive control of the defendant. As such, a plaintiff may be unable, without some discovery, to properly respond to a motion to dismiss pursuant to Rule 12(b)(2), and a court will therefore allow some discovery.") (internal citation omitted). Given this inherent inequity in the parties' positions, this District has repeatedly held that leave to take jurisdictional discovery should be freely granted,

---

in the District of Delaware, and that judicial economy would be promoted if all of Plaintiffs' claims for infringement of the '703 patent are addressed in this District.

especially when the defendant relies heavily upon affidavits and declarations in support of its

motion to dismiss (as Synthon does):

> The rationale for this rule is that the plaintiff may be unable to
> ascertain the extent of the defendant's contacts with the forum
> state, particularly when that defendant is a corporation, unless
> some discovery is permitted. ***A plaintiff who is a total stranger to
> a corporation should not be required***, unless he has been
> undiligent, ***to try such an issue on affidavits without the benefit of
> full discovery***.

*Hansen*, 163 F.R.D. at 473-74 (emphasis added).

This District has also made a clear distinction between the relatively low standard for

permitting jurisdictional discovery and the comparatively higher bar that is applied ***later*** when

evaluating a plaintiff's assertion that the Court has personal jurisdiction over a defendant:

> Although a plaintiff is ultimately required to establish a prima facie
> case in support of the exercise of personal jurisdiction over a
> defendant, a plaintiff is not required to embark on that task
> unassisted. Rather, a plaintiff is entitled to take jurisdictional
> discovery in order to establish its prima facie case. ***In other
> words, the burden to establish a prima facie case in support of
> jurisdiction arises after the nonmoving party has had the
> opportunity to take jurisdictional discovery***.

*Tristrata Tech. Inc. v. Neoteric Cosmetics, Inc.*, No. 96-227-JJF, slip. op. at 2 (D. Del. June 30,

1998) (emphasis added) (citing *Joint Stock Soc'y v. Heublein, Inc.*, 936 F. Supp. 177, 192 (D.

Del. 1996)); *see also McNeil Nutritionals*, 2005 U.S. Dist. LEXIS 7628, at *4 ("Although the

plaintiff bears the burden of demonstrating the facts that support personal jurisdiction, courts are

to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly

frivolous.'") (internal citations omitted). For purposes of deciding this motion, the Court need

only consider whether Plaintiffs' claim for jurisdictional discovery is clearly frivolous.

II.    **Jurisdictional Discovery From Synthon Is Warranted In This Case**

Plaintiffs' assertion that this Court has personal jurisdiction over Synthon is far from "clearly frivolous" and goes well beyond the "bare allegations" set forth in the Complaint.  *See, e.g.*, *Hansen*, 163 F.R.D. at 476 ("[A] plaintiff may not rely on the bare allegations in his complaint to warrant further discovery.").  Through their own investigation, Plaintiffs have identified facts that suggest that jurisdictional discovery over each of the Synthon entities is warranted in this case.  Plaintiffs therefore request a 90-day period for jurisdictional discovery from Synthon, starting on the date that the Court grants Plaintiffs' motion.

First, at least two of Synthon's pharmaceutical products are sold in Delaware.  According to state-by-state data obtained by Plaintiffs from IMS Health, amlodipine besylate and zolpidem tartrate manufactured by Synthon Pharma are sold by retailers in Delaware.  (Ex. A.)  But this sales data is hardly surprising.  In a supporting declaration to its Motion to Dismiss, the Vice President and General Counsel of Synthon Pharma admitted that "Synthon Pharms holds a Drug Wholesalers License in the State of Delaware, issued by the Delaware Pharmacy Board, in order to permit others (mainly drug wholesalers) to ship product into the State of Delaware." (D.I. 48-4 at ¶ 4; *see also* D.I. 48 at 11, 15.)

Synthon Pharma's capacity to sell drugs in Delaware, even if through a middleman, is not a contact with Delaware that is "clearly frivolous."  *See*, *e.g.*, *Aladdin Knowledge Sys. Ltd. v. Feitan Techs. Co.*, No. 05-149-GMS, slip. op. at 6 (D. Del. Feb. 24, 2006) (finding that use of a distributor with the authority to distribute the accused products anywhere in the United States, including Delaware, was a "non-frivolous" contact that supported a grant of jurisdictional discovery).  As a result, Plaintiffs should be given leave to take jurisdictional discovery concerning all pharmaceutical products that Synthon may distribute, sell or offer for sale in Delaware.

Second, Plaintiffs have determined that Synthon Pharma had contractual ties to a company, Ventiv Health, Inc. ("Ventiv"), which was incorporated in Delaware during the relevant time period.[2]  According to a February 2004 "PR newswire" publication, Synthon Pharma and Ventiv entered into "a multi-year sales and marketing agreement" for the promotion of a Synthon pharmaceutical product (Pexeva®).  (Ex. B.)  Under the terms of the agreement, Ventiv initially provided eight district managers and one hundred full-time sales representatives to drive sales and market share of Pexeva® among targeted psychiatrists and primary care physicians.  (*Id.*)  In addition, Ventiv provided "full operational support and project management services" to Synthon Pharma's sales teams.  (*Id.*)

Synthon should not be able to use sales representatives from other companies to sell its own products across the United States (including Delaware) and then use these same sales representatives to shield it from jurisdictional discovery on that grounds that it does not have its own sales force.[3]  Plaintiffs should be permitted to take jurisdictional discovery on the sales and marketing activities that may have occurred in Delaware preceding, during and as a result of Synthon Pharma's "multi-year sales and marketing agreement" with Ventiv or any other Delaware company.  *See, e.g.*, *Aladdin Knowledge*, No. 05-149-GMS, at 5 (finding that defendants' partnerships with several Delaware corporations gave rise to an inference that

---

[2]    Upon information and belief, Ventiv was incorporated in Delaware from January 2000 until December 2006.

[3]    In his supporting declaration to Synthon's motion, the Vice President and General Counsel of Synthon Pharma stated that "Synthon Pharms does not have a sales force, and, when it did, it did not have a representative in the State of Delaware."  (D.I. 48-4 at ¶ 6.)  However, his declaration is silent regarding  Synthon's relationships with other companies that may effectively act as Synthon's sales force, as Ventiv did.

jurisdictional discovery might yield "something more" and granting leave to conduct jurisdictional discovery).

Third, Synthon Labs was originally incorporated in Delaware. According to the Certificate of Incorporation filed with the Delaware Secretary of State, Synthon Labs was incorporated in Delaware in November 2003. (Ex. C.) Approximately six months later, Synthon Labs filed a certificate of dissolution. Plaintiffs should be given leave to take jurisdictional discovery on the activities that may have occurred in Delaware preceding dissolution, which can hardly be considered "clearly frivolous." *See Pfizer Inc. v. Synthon Holding, B.V.*, 386 F. Supp. 2d 666, 677 (M.D.N.C. 2005) ("[T]he Court further concludes that there are significant indications here that Synthon Labs is simply an 'alter ego' of Synthon Pharma established by Synthon Holding for jurisdictional purposes.").

Jurisdictional discovery over Synthon B.V. and Synthon Holding B.V. is also warranted. "Delaware law provides two theories under which a court may establish jurisdiction over a parent corporation based on jurisdiction over a subsidiary: the alter ego theory and the agency theory." *See Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F. Supp. 1458, 1463 (D. Del. 1991). Based upon Plaintiffs' understanding of Synthon's corporate structure, Plaintiffs believe that Synthon B.V. and Synthon Holding B.V. are controlling the Synthon entities in the United States. Synthon B.V. is a Dutch company that "was involved in both the development of the generic memantine hydrochloride product and the preparation and assembly of the ANDA which is the subject of the present litigation." (D.I. 48 at 6.) Synthon Holding B.V. is also a Dutch company and is the ultimate parent of each of the other three Synthon defendants. (*Id.*) And tellingly, at least one court has already found that Synthon B.V. and Synthon Holding B.V. "dominate[] and control[]" Synthon Labs. *See Pfizer*, 386 F. Supp. 2d at 670.

These facts show that further jurisdictional discovery is warranted from Synthon before Plaintiffs can respond to Synthon's motion to dismiss for lack of personal jurisdiction. *See Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) ("If a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between the party and the forum state, the plaintiff's right to conduct jurisdictional discovery should be sustained." (internal citations, brackets and quotations omitted)).  But instead of agreeing to jurisdictional discovery – as defendant Orchid India did in the companion case (D.I. 54 in 08-21) – Synthon has forced Plaintiffs to file this motion.

Notably, Synthon has refused Plaintiffs' requests for jurisdictional discovery on the basis that such discovery was "no more than an attempt to fish for jurisdictional facts."  (Ex. D.)  But contrary to Synthon's insinuation, this District has held that such bald assertions about "fishing expeditions" should be ignored when determining whether to grant permission for jurisdictional discovery:

> The condemnation of plaintiff's proposed [jurisdictional discovery] as a "fishing expedition" was unwarranted.  When the fish is identified, and the question is whether it is in the pond, we know no reason to deny a plaintiff the customary license.

*Hansen*, 163 F.R.D. at 474.

### III.    Plaintiffs' Time To Respond To Synthon's Motion To Dismiss Should Be Extended

The Court may, for good cause, extend the time to respond to a motion if, as here, the request is made before the original time expires.  Fed. R. Civ. P. 6(b)(1)(A).  This district has been liberal in granting such requests.  *See, e.g.*, *Williams v. Potter*, 384 F. Supp. 2d 730, 732 n.2 (D. Del. 2005) (noting that the plaintiff had been granted an extension of time to respond to defendant's motion to dismiss); *Anderson v. McIntosh Inn*, 295 F. Supp. 2d 412, 416 (D. Del. 2003) (granting motions for extension of time to answer in the summary judgment context);

*Adams v. Sheldon*, No. 04-251-JJF, 2007 WL 2936193, at *4 (D. Del. Oct. 5, 2007) (granting

plaintiff's motion to extend time); *Francisco v. Corr. Med. Sys.*, No. 03-499-JJF, 2005 WL

2304178, at *4 (D. Del. Sept. 20, 2005) (granting defendant's motion to extend time where the

relevant time period had expired).

Plaintiffs have been diligent in seeking an extension of time to respond to Synthon's

motion.[4]  Plaintiffs first asked counsel for Synthon for an extension of time to respond to

Synthon's motion on Friday, March 14, 2008, two days after Synthon's motion was filed.

Having received no subsequent response, Plaintiffs contacted counsel for Synthon on

Wednesday, March 19, 2008 with the same request for an extension.  (Ex. E.)  Synthon again did

not respond to this inquiry.  On Tuesday, March 25, 2008, Plaintiffs again asked for an extension

of time.  (Ex. F.)  Synthon finally responded by refusing to agree to extend Plaintiffs' time to

respond.  (Ex. D.)

Synthon has not provided a specific rationale for its refusal to extend Plaintiffs' time to

respond to its motion to dismiss, and Plaintiffs are not aware of one.  Neither Synthon nor the

other Defendants will be prejudiced if Plaintiffs are granted an extension in their time to respond

to Synthon's motion, as there is no Scheduling Order in place.  In addition, Orchid India has

already consented to a 90-day period of jurisdictional discovery in connection with its motion to

dismiss for lack of personal jurisdiction in the companion case (D.I. 54 in 08-21).  That

discovery period will not end until mid-June 2008.  A concurrent period of jurisdictional

---

[4]    At the onset of this case, Synthon itself claimed to "need additional time to investigate the
       issue of whether this District has personal jurisdiction over the Synthon Entities."  (D.I. 46
       at 2.)  But now, Synthon posits that its own filings and declarations should provide all the
       information that Plaintiffs need to respond, thereby eliminating the need for an extension of
       time.

discovery from Synthon should have no effect on the progress of this case, given that the two related actions will likely be consolidated eventually.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion for Leave to Take Jurisdictional Discovery and to Extend Their Time to Answer Synthon's Motion to Dismiss.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Maryellen Noreika (#3208)*

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Plaintiffs*

*Of Counsel:*

John Desmarais
Gerald J. Flattmann, Jr.
Melanie R. Rupert
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, NY  10022
(212) 446-4800

F. Dominic Cerrito
Daniel L. Malone
Eric C. Stops
JONES DAY
222 East 41st Street
New York, NY  10017
(212) 326-3939

March 27, 2008
2170811

## RULE 7.1.1 CERTIFICATION

I hereby certify that the subject of the foregoing motion has been discussed with counsel

for the Synthon defendants and that the parties have not reached agreement.


*/s/ Maryellen Noreika (#3208)*
Maryellen Noreika (#3208)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 27, 2008 I electronically filed the foregoing with

the Clerk of the Court using CM/ECF, which will send notification of such filing to:.

> Richard L. Horwitz, Esquire
> David E. Moore, Esquire
> POTTER ANDERSON & CORROON LLP
>
> John M. Seaman, Esquire
> Kevin G. Abrams, Esquire
> ABRAMS & LASTER LLP
>
> Elizabeth M. McGeever, Esquire
> Melissa N. Donimirski, Esquire
> PRICKETT, JONES & ELLIOTT, P.A.
>
> Joseph S. Naylor, Esquire
> BALICK & BALICK, LLC

I further certify that I caused to be served copies of the foregoing document on

March 27, 2008 upon the following in the manner indicated:

Richard L. Horwitz, Esquire                    *VIA ELECTRONIC MAIL*
David E. Moore, Esquire                              *and HAND DELIVERY*
POTTER ANDERSON & CORROON LLP
1313 North Market Street – 6th Floor
Wilmington, DE  19801
*Attorneys for Interpharm Holdings, Inc. and*
*Interpharm, Inc.*

John M. Seaman, Esquire                        *VIA ELECTRONIC MAIL*
Kevin G. Abrams, Esquire
ABRAMS & LASTER LLP
20 Montchanin Road, Suite 200
Wilmington, DE  19807
*Attorneys for Kendle International Inc. and*
*Sun India Pharmaceutical Industries Limited*
*(a/k/a Sun Pharmaceutical Industries Limited)*

James F. Hurst, Esquire                                    *VIA ELECTRONIC MAIL*
Charles B. Klein, Esquire
Jay L. Levine, Esquire
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL  60601
*Attorneys for Kendle International Inc. and*
*Sun India Pharmaceutical Industries Limited*
*(a/k/a Sun Pharmaceutical Industries Limited)*

Louis H. Weinstein, Esquire                                *VIA ELECTRONIC MAIL*
Bruce D. Radin, Esquire
BUDD LARNER, P.C.
150 John F. Kennedy Parkway
Short Hills, NJ  07078-2703
*Attorney for Dr. Reddy's Laboratories, Inc.*
*and Dr. Reddy's Laboratories Limited*

William Zimmerman, Esquire                                 *VIA ELECTRONIC MAIL*
Knobbe Martens Olson & Bear LLP
2040 Main Street
14th Floor
Irvine, CA  92614-3641
*Attorneys for Ranbaxy Inc. and Ranbaxy*
*Laboratories Limited*

Jeffrey A. Hovden, Esquire                                 *VIA ELECTRONIC MAIL*
FROMMER LAWRENCE & HAUG LLP
745 Fifth Avenue
New York, NY  10151
*Attorneys for Genpharm, L.P., Genpharm Inc.*
*and Mylan Pharmaceuticals Inc.*

Elizabeth M. McGeever, Esquire                             *VIA ELECTRONIC MAIL*
Melissa N. Donimirski, Esquire                                *and HAND DELIVERY*
PRICKETT, JONES & ELLIOTT, P.A.
1310 King Street
Wilmington, DE  19801
*Attorneys for Synthon Holding B.V., Synthon*
*B.V., Synthon Laboratories, Inc. and Synthon*
*Pharmaceuticals, Inc.*

E. Anthony Figg, Esquire                                          *VIA ELECTRONIC MAIL*
Joseph A. Hynds, Esquire
Lisa N. Phillips, Esquire
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
1425 K. Street, N.W.
Suite 800
Washington, DC  20005
*Attorneys for Synthon Holding B.V., Synthon*
*B.V., Synthon Laboratories, Inc. and Synthon*
*Pharmaceuticals, Inc.*

Joseph S. Naylor, Esquire                                        *VIA ELECTRONIC MAIL*
BALICK & BALICK, LLC                                                *and HAND DELIVERY*
711 North King Street
Wilmington, DE 19801
*Attorneys Genpharm Inc., Genpharm, L.P. and*
*Mylan Pharmaceuticals Inc.*


                                              */s/ Maryellen Noreika (#3208)*
                                              Maryellen Noreika (#3208)

# Exhibit B



NewsRoom

2/26/04 PRWIRE 11:31:00                                                                Page 1


2/26/04 PR Newswire 11:31:00

PR Newswire
Copyright 2004 PR Newswire

**February 26, 2004**

Ventiv Health Announces Agreement with  **Synthon**  Pharmaceuticals

Multi-Year Sales and Marketing Agreement for the Promotion of Pexeva00AE,(R)

SOMERSET, N.J., Feb. 26 /PRNewswire-FirstCall/ -- Ventiv Health, Inc. (Nasdaq:
VTIV) announced today a multi-year sales and marketing agreement with **Synthon**
Pharmaceuticals, Ltd. for the promotion of Pexeva00AE,(R), a potent and selective
serotonin (5-hydroxytryptamine, 5-HT) reuptake inhibitor (SSRI) for the treatment
of depression, panic disorder and obsessive-compulsive disorder. Under the terms of
the agreement, Ventiv will initially provide 8 district managers and 100 full-time
sales representatives (70 primary care and 30 specialty reps) to drive sales and
market share of Pexeva among targeted psychiatrists and primary care physicians. In
addition, Ventiv will provide full operational support and project management
services to the  **Synthon**  Sales Team.

"Launching both Pexeva and **Synthon** simultaneously in the United States requires the
best and most experienced team.  We are excited to be partnering with Ventiv in
carrying out our launch," said Andrew D. Shales, VP Sales & Marketing, **Synthon**
Pharmaceuticals, Ltd. "Ventiv's sales and marketing expertise will be valuable as
we build our corporate infrastructure and industry presence in a very competitive
market place."

"The successful launch of both a product and company simultaneously requires a
sales and marketing provider with a proven track record," commented Terry Herring,
President, Ventiv Health Sales and Marketing.  "We are pleased to have been chosen
by **Synthon** Pharmaceuticals as they embark on this important business initiative and
look forward to contributing to their success in the U.S."

"Securing this contract with **Synthon** is another indication of Ventiv's ongoing
ability to win new business," stated Eran Broshy, CEO, Ventiv Health, Inc.  "This
contract underscores Ventiv's ability to develop new client relationships based on
delivering high-impact results in a flexible and cost-effective manner."

About Pexeva

**Synthon's** Pexeva will be a brand product composed of paroxetine mesylate. Currently
marketed Paxil® is composed of paroxetine hydrochloride.  The chemical difference
between the two products is that the inactive part of the salt (mesylate or
hydrochloride) is separated from the active part of the paroxetine molecule in the

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

gastrointestinal tract, leaving only the active paroxetine molecule to be absorbed into the bloodstream and provide the intended therapeutic effect.

Paxil is a registered trademark of GlaxoSmithKline.      About **Synthon** Pharmaceuticals, LTD

**Synthon** Pharmaceuticals, Ltd., a developer of generic and innovative products, has established an enviable reputation for successful drug discovery, quality products, excellent drug submissions, and innovative analytical/quality control (QC) testing. Located in Chapel Hill, North Carolina, **Synthon** Pharmaceuticals, Ltd., is an independent U.S. company that is part of a global network of research/development facilities, marketing affiliates, and clinical research organizations.  The **Synthon** group discovers, develops, and markets both active pharmaceutical ingredients and finished pharmaceutical dosage forms.

Having a broad therapeutic portfolio of 56 products in more than 38 countries around the world, the **Synthon** group is anticipating filing approximately twelve (12) products with the Food and Drug Administration (FDA) over the next four years. For more information about **Synthon** Pharmaceuticals, visit www.synthon-usa.com.

About Ventiv Health

Ventiv Health, Inc. is a leading provider of comprehensive outsourced marketing and sales solutions for the pharmaceutical and life sciences industries.  The Company works in consultative partnership with clients to identify strategic goals and develop customized, integrated solutions to optimize clients' product portfolios. Ventiv Health's market-leading offerings include:  sales force recruiting, training and execution; consulting, analytics and forecasting; market research and intelligence; strategic and tactical planning and product and brand management.

For almost three decades, Ventiv Health has provided a broad range of innovative strategic and tactical solutions to clients including:  Abbott Laboratories, Allergan, ALTANA, AstraZeneca, Aventis, Bayer, Bristol-Myers Squibb, Cephalon, Eli Lilly, GlaxoSmithKline, Johnson & Johnson, Merck, Novartis, Noven, Pfizer and Watson. For more information on Ventiv Health, visit www.ventiv.com.

This press release contains forward-looking statements within the meaning of the Private Securities Litigation Reform Act of 1995.  Such forward-looking statements involve known and unknown risks that may cause Ventiv Health's performance to differ materially.  Such risks include, without limitation: changes in trends in the pharmaceutical industry or in pharmaceutical outsourcing; our ability to compete successfully with other services in the market; our ability to maintain large client contracts or to enter into new contracts; uncertainties related to future incentive payments; and, our ability to operate successfully in new lines of business.  Readers of this press release are referred to documents filed from time to time by Ventiv Health Inc. with the Securities and Exchange Commission for further discussion of these and other factors.

SOURCE  Ventiv Health, Inc.

   -0-                              02/26/2004

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

    /CONTACT:  Investors - John Emery, CFO of Ventiv Health, Inc., +1-732-537-4804,
investor@ventiv.com; Media - Felicia Vonella of Lazar Partners, +1-212-867-1762,
fvonella@lazarpartners.com, for Ventiv Health, Inc.; or Andrew D. Shales, VP Sales
& Marketing of **Synthon** Pharmaceuticals Ltd., +1-919-493-6006,
andrew.shales@synthon-usa.com /

    /Web site:  http://www.ventiv.com                  http://www.synthon-usa.com /

(VTIV)

CO:   Ventiv Health, Inc.; **Synthon** Pharmaceuticals, Ltd.

ST:  New Jersey

IN:  BIO HEA MTC

SU:  CON

DO

-- NYTH164 --

0073 02/26/2004 16:31 EST http://www.prnewswire.com

Copyright © 2004 PR Newswire

            ---- INDEX REFERENCES ----

COMPANY: ELI LILLY AND CO; PFIZER INC; ABBOTT LABORATORIES; NOVEN PHARMACEUTICALS
INC; BRISTOL MYERS SQUIBB CO; VENTIV HEALTH INC

NEWS SUBJECT:  (Sales (1SA20); Business Management (1BU42); Sales Management
(1SA51))

INDUSTRY:  (Manufacturing Technology (1MA83); Drug Manufacturing Technology
(1DR14); Healthcare (1HE06); Pharmaceuticals & Biotechnology (1PH13); Healthcare
Services (1HE13); Psychiatry (1PS63); Manufacturing Execution Systems (1MA30);
Pharmaceuticals Research & Development (1PH57); Manufacturing (1MA74);
Pharmaceuticals Manufacturing (1PH90))

REGION:  (USA (1US73); Americas (1AM92); North America (1NO39))

Language:  EN

OTHER INDEXING:  (ABBOTT LABORATORIES; ALTANA ASTRAZENECA AVENTIS; ELI LILLY; FDA;
FOOD AND DRUG ADMINISTRATION; GLAXOSMITHKLINE JOHNSON JOHNSON MERCK; LAZAR
PARTNERS; MARKETING; MYERS SQUIBB; NASDAQ: VTIV; NOVEN; PFIZER; SALES MARKETING;
SECURITIES AND EXCHANGE COMMISSION; **SYNTHON**; **SYNTHON** PHARMACEUTICALS; **SYNTHON**

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

PHARMACEUTICALS LTD; **SYNTHON** SALES TEAM; VENTIV; VENTIV HEALTH; VENTIV HEALTH INC;
VTIV)  (Andrew D. Shales; CO; Eran Broshy; Investors - John Emery; Located; Media -
Felicia Vonella; Paxil)  (New Jersey)

KEYWORDS:  (BIO);  (HEA);  (MTC);  (CON)

COMPANY TERMS: VENTIV HEALTH INC; **SYNTHON** PHARMACEUTICALS LTD

TICKER SYMBOL: VTIV

Word Count: 1192
2/26/04 PRWIRE 11:31:00
END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

# Exhibit C

NOV-10-2003  16:26      C T CORPORATION SYSTEM DC

State of Delaware
Secretary of State
Division of Corporations
Delivered 06:36 PM 11/10/2003
FILED 05:13 PM 11/10/2003
SRV 030721264 - 3725791 FILE

# CERTIFICATE OF INCORPORATION

## OF

## SYNTHON LABORATORIES, INC.

### ARTICLE I

### NAME

The name of the Corporation is Synthon Laboratories, Inc.

### ARTICLE II

### REGISTERED OFFICE

The address of the registered office of the Corporation in the State of Delaware is 1209 Orange Street, in the City of Wilmington, County of New Castle. The name of its registered agent at such address is The Corporation Trust Company.

### ARTICLE III

### PURPOSES

The nature of the business or purposes to be conducted or promoted by the Corporation is to engage in any lawful act or activity for which corporations may be organized under the General Corporation Law of the State of Delaware (the "DGCL").

### ARTICLE IV

### CAPITAL STOCK

The total number of shares of capital stock which the Corporation shall have the authority to issue is 1,000 of which 1,000 shares shall be common stock, par value $0.01 per share (the "Common Stock").

### ARTICLE V

### INCORPORATOR

The name and mailing address of the incorporator of the Corporation is:

NOV-10-2003  16:26    C T CORPORATION SYSTEM DC        202 393 1760    P.03/04

Robert R. Kaplan
LeClair Ryan
707 East Main Street, Suite 1100
Richmond, Virginia 23219

## ARTICLE VI

### BOARD POWER REGARDING BYLAWS

In furtherance and not in limitation of the powers conferred by statute, the Board of Directors is expressly authorized to make, repeal, alter, amend and rescind the bylaws of the Corporation.

## ARTICLE VII

### ELECTION OF DIRECTORS

Elections of directors need not be by written ballot unless the bylaws of the Corporation shall so provide.

## ARTICLE VIII

### LIMITATION OF LIABILITY

A Director of the Corporation shall not be personally liable to the Corporation or its stockholders for monetary damages for breach of fiduciary duty as a Director; except for liability (i) for any breach of the Director's duty of loyalty to the Corporation or its stockholders, (ii) for acts or omissions not in good faith or which involve intentional misconduct or a knowing violation of law, (iii) under Section 174 of the DGCL or (iv) for any transaction from which the Director derived an improper personal benefit. If the DGCL is amended after the effective date of this Certificate of Incorporation to authorize corporate action further eliminating or limiting the personal liability of Directors, then the liability of a Director of the Corporation shall be eliminated or limited to the fullest extent permitted by the DGCL, as so amended.

Any repeal or modification of this Article VIII by either of (i) the stockholders of the Corporation or (ii) an amendment to the DGCL, shall not adversely affect any right or protection existing at the time of such repeal or modification with respect to any acts or omissions occurring before such repeal or modification of a person serving as a Director at the time of such repeal or modification.

2

NOV-10-2003  16:26       C T CORPORATION SYSTEM DC          202 393 1760   P.04/04

ARTICLE IX

CORPORATE POWER

The Corporation reserves the right to amend, alter, change or repeal any provision contained in this Certificate of Incorporation, in the manner now or hereafter prescribed by statute, and all rights conferred on stockholders herein are granted subject to this reservation.

ARTICLE X

CREDITOR COMPROMISE OR ARRANGEMENT

Whenever a compromise or arrangement is proposed between this Corporation and its creditors or any class of them and/or between this Corporation and its stockholders or any class of them, any court of equitable jurisdiction within the State of Delaware may, on the application in a summary way of this Corporation or of any creditor or stockholder thereof or on the application of any receiver or receivers appointed for this Corporation under the provisions of Section 291 of Title 8 of the Delaware Code or on the application of trustees in dissolution or of any receiver or receivers appointed for this Corporation under the provisions of Section 279 of Title 8 of the Delaware Code, order a meeting of the creditors or class of creditors, and/or of the stockholders or class of stockholders of this Corporation, as the case may be, to be summoned in such a manner as the said court directs. If a majority in number representing three-fourths in value of the creditors or class of creditors, and/or of the stockholders or class of stockholders, as the case may be, agree to any compromise or arrangement and to any reorganization of this Corporation as a consequence of such compromise or arrangement, the said compromise or arrangement and the said reorganization shall, if sanctioned by the court to which the said application has been made, be binding on all the creditors or class of creditors, and/or on all the stockholders or class of stockholders, of this Corporation, as the case may be, and also on this Corporation.

THE UNDERSIGNED, being the incorporator hereinbefore named, for the purpose of forming a corporation to do business both within and without the State of Delaware, pursuant to the General Corporation Law of the State of Delaware, does make and file this Certificate.

Dated: November 7, 2003

Robert R. Kaplan, Incorporator

3

# Exhibit D



"Joseph A. Hynds"
<jhynds@rothwellfigg.com>
03/25/2008 04:20 PM

To    "Melanie Rupert" <mrupert@kirkland.com>
cc    "E. Anthony Figg" <efigg@rothwellfigg.com>, "Lisa N.
       Phillips" <lphillip@rothwellfigg.com>, "Gerald J Flattmann Jr"
       <GFlattmann@kirkland.com>, <fdcerrito@jonesday.com>
bcc
Subject  RE: Namenda Case: Extension of Time to Respond

Dear Melanie:

We have considered Plaintiffs' proposed stipulation for an extension of time to respond to the Synthon Entities motion to dismiss, which would include a period for jurisdictional discovery, and we do not believe it is appropriate in this case.

The Synthon Entities' motion to dismiss and supporting declarations clearly establish that no personal jurisdiction exists in the Delaware court. As set forth in those documents, the Synthon Entities have had either no or de minimus contact with Delaware, and certainly not any continuous and systematic contact required for personal jurisdiction.

The jurisdictional discovery requested by Plaintiffs will not change this fact and will be burdensome and costly to the Synthon Entities.

In view of the general, unsupported conclusions regarding personal jurisdiction in Plaintiffs' complaint, Plaintiffs' request for discovery appears to be no more than an attempt to fish for jurisdictional facts in support of an improper jurisdictional claim.

For at least these reasons, the Synthon Entities will not agree to Plaintiffs' request for jurisdictional discovery or the extension of time to respond to the motion to dismiss.

Best regards,

Joe

Joseph A. Hynds
Rothwell, Figg, Ernst & Manbeck, p.c.
1425 K Street, N.W., Suite 800
Washington, D.C. 20005
Phone: 202-783-6040; Fax: 202-783-6031
e-mail: jhynds@rfem.com
web: http://www.rfem.com

The information contained in this communication is confidential, may be attorney-client privileged, and/or is intended only for the use of the addressee. Unauthorized use, disclosure or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please immediately notify Rothwell, Figg, Ernst & Manbeck, p.c. at (202) 783-6040.

-----Original Message-----
From: Melanie Rupert [mailto:mrupert@kirkland.com]
Sent: Tuesday, March 25, 2008 1:44 PM

**To:** Joseph A. Hynds
**Cc:** E. Anthony Figg; Lisa N. Phillips; Gerald J Flattmann Jr; fdcerrito@jonesday.com
**Subject:** Namenda Case: Extension of Time to Respond


Dear Joe,

I write to follow-up on the proposal set forth in my March 19th email to you (below) regarding our proposed stipulation for an extension of time to respond to Synthon's motion to dismiss, which would also include a limited period of jurisdictional discovery from Synthon.

As you know, Plaintiffs' response to Synthon's motion to dismiss is due this Monday, March 31st. If the parties cannot reach agreement in principle on our proposal by the close of business tomorrow, Plaintiffs plan to file, on Thursday, March 27th, a motion for an extension of time to respond Synthon's motion to dismiss. This motion will include a request for a jurisdictional discovery period. However, we are hopeful that the parties will be able to reach an agreement before filing such a motion with the Court becomes necessary.

Please contact me if you have any questions. We look forward to hearing from you.


Best regards,
Melanie


Melanie R. Rupert
Associate | Kirkland & Ellis LLP
Citigroup Center | 153 East 53rd Street | New York, NY 10022
212-446-4839 Direct | 212-446-6460 Fax
mrupert@kirkland.com

----- Forwarded by Melanie Rupert/New York/Kirkland-Ellis on 03/25/2008 01:31 PM -----

Melanie Rupert/New
York/Kirkland-Ellis

03/19/2008 12:03 PM

To Joseph A. Hynds
cc efigg@rfem.com, lphillips@rfem.com, Gerald J Flattmann Jr/New
York/Kirkland-Ellis@K&E, fdcerrito@jonesday.com
Subje Namenda Case: Extension of Time to Respond
ct



Dear Joe,

I write to follow-up on our conversation from last Friday regarding Synthon's motion to dismiss. As we discussed, Plaintiffs propose that the parties stipulate to a period of limited jurisdictional discovery so that Plaintiffs may respond to Synthon's motion to dismiss for lack of jurisdiction. We further propose that, under the terms of this stipulation, Plaintiffs' deadline for responding to Orchid's motion would be 10 days following the close of jurisdictional discovery.

We do not believe that the specific parameters for jurisdictional discovery need to agreed upon at this time, and therefore suggest that the stipulation would state that the parties have reached an agreement in principle regarding jurisdictional discovery and will work together to agree upon its scope and timing.

Please let us know your thoughts at your earliest convenience. Plaintiffs' response to Synthon's motion is presently due on March 31st, and we would like to resolve this issue well before that time.

Best regards,
Melanie

Melanie R. Rupert
Associate | Kirkland & Ellis LLP
Citigroup Center | 153 East 53rd Street | New York, NY 10022
212-446-4839 Direct | 212-446-6460 Fax
mrupert@kirkland.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# Exhibit E

| | | |
|---|---|---|
| Melanie Rupert/New York/Kirkland-Ellis<br>03/19/2008 12:03 PM | To | jhynds@rfem.com |
| | cc | efigg@rfem.com, lphillips@rfem.com, Gerald J Flattmann Jr/New York/Kirkland-Ellis@K&E, fdcerrito@jonesday.com |
| | bcc | NamendaWG |
| | Subject | Namenda Case: Extension of Time to Respond |

Dear Joe,

I write to follow-up on our conversation from last Friday regarding Synthon's motion to dismiss.  As we discussed, Plaintiffs propose that the parties stipulate to a period of limited jurisdictional discovery so that Plaintiffs may respond to Synthon's motion to dismiss for lack of jurisdiction.  We further propose that, under the terms of this stipulation, Plaintiffs' deadline for responding to Orchid's motion would be 10 days following the close of jurisdictional discovery.

We do not believe that the specific parameters for jurisdictional discovery need to agreed upon at this time, and therefore suggest that the stipulation would state that the parties have reached an agreement in principle regarding jurisdictional discovery and will work together to agree upon its scope and timing.

Please let us know your thoughts at your earliest convenience.  Plaintiffs' response to Synthon's motion is presently due on March 31st, and we would like to resolve this issue well before that time.

Best regards,
Melanie


Melanie R. Rupert
Associate | Kirkland & Ellis LLP
Citigroup Center | 153 East 53rd Street | New York, NY  10022
212-446-4839 Direct | 212-446-6460 Fax
mrupert@kirkland.com

# Exhibit F

|  | | |
|---|---|---|
| Melanie Rupert/New York/Kirkland-Ellis 03/25/2008 01:44 PM | To | jhynds@rfem.com |
| | cc | efigg@rfem.com, lphillips@rfem.com, Gerald J Flattmann Jr/New York/Kirkland-Ellis@K&E, fdcerrito@jonesday.com |
| | bcc | NamendaWG |
| | Subject | Namenda Case: Extension of Time to Respond |

Dear Joe,

I write to follow-up on the proposal set forth in my March 19th email to you (below) regarding our proposed stipulation for an extension of time to respond to Synthon's motion to dismiss, which would also include a limited period of jurisdictional discovery from Synthon.

As you know, Plaintiffs' response to Synthon's motion to dismiss is due this Monday, March 31st. If the parties cannot reach agreement in principle on our proposal by the close of business tomorrow, Plaintiffs plan to file, on Thursday, March 27th, a motion for an extension of time to respond Synthon's motion to dismiss. This motion will include a request for a jurisdictional discovery period. However, we are hopeful that the parties will be able to reach an agreement before filing such a motion with the Court becomes necessary.

Please contact me if you have any questions. We look forward to hearing from you.

Best regards,
Melanie

Melanie R. Rupert
Associate | Kirkland & Ellis LLP
Citigroup Center | 153 East 53rd Street | New York, NY 10022
212-446-4839 Direct | 212-446-6460 Fax
mrupert@kirkland.com

----- Forwarded by Melanie Rupert/New York/Kirkland-Ellis on 03/25/2008 01:31 PM -----

|  | | |
|---|---|---|
| Melanie Rupert/New York/Kirkland-Ellis 03/19/2008 12:03 PM | To | Joseph A. Hynds |
| | cc | efigg@rfem.com, lphillips@rfem.com, Gerald J Flattmann Jr/New York/Kirkland-Ellis@K&E, fdcerrito@jonesday.com |
| | Subject | Namenda Case: Extension of Time to Respond |

Dear Joe,

I write to follow-up on our conversation from last Friday regarding Synthon's motion to dismiss. As we discussed, Plaintiffs propose that the parties stipulate to a period of limited jurisdictional discovery so that Plaintiffs may respond to Synthon's motion to dismiss for lack of jurisdiction. We further propose that, under the terms of this stipulation, Plaintiffs' deadline for responding to Orchid's motion would be 10 days following the close of jurisdictional discovery.

We do not believe that the specific parameters for jurisdictional discovery need to agreed upon at this time, and therefore suggest that the stipulation would state that the parties have reached an agreement in principle regarding jurisdictional discovery and will work together to agree upon its scope and timing.

Please let us know your thoughts at your earliest convenience. Plaintiffs' response to Synthon's motion is

presently due on March 31st, and we would like to resolve this issue well before that time.

Best regards,
Melanie


Melanie R. Rupert
Associate | Kirkland & Ellis LLP
Citigroup Center | 153 East 53rd Street | New York, NY 10022
212-446-4839 Direct | 212-446-6460 Fax
mrupert@kirkland.com