IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FOREST LABORATORIES, INC. et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DR. REDDY'S LABORATORIES, INC. et al.,<br><br>Defendants. | Civil Action No. 08-52-GMS |

## ANSWER AND COUNTERCLAIM OF
## <u>MYLAN PHARMACEUTICALS INC.</u>

Defendant Mylan Pharmaceuticals Inc. ("Mylan"), for its Answer to each of the numbered paragraphs in the Amended Complaint by Plaintiffs Forest Laboratories, Inc., Forest Laboratories Holdings, Ltd., Merz Pharma GmbH & Co. KGaA, and Merz Pharmaceuticals GmbH (collectively, "Plaintiffs"), avers as follows:

1.  Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and, therefore, denies the allegations.

2.  Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 and, therefore, denies the allegations.

3.  Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 and, therefore, denies the allegations.

4.  Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 and, therefore, denies the allegations.

5. Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 and, therefore, denies the allegations.

6. Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and, therefore, denies the allegations.

7. With respect to paragraph 7, Mylan admits that Genpharm, L.P. has a place of business at 150 Motor Parkway, Hauppauge, New York 11788, that both Genpharm ULC and Genpharm, L.P. (collectively, "Genpharm") are subsidiaries of Mylan Inc., and that Genpharm, L.P. has been engaged in the business of distributing pharmaceutical products in the United States. Mylan denies the remaining allegations in paragraph 7.

8. With respect to paragraph 8, Mylan admits that Genpharm Inc. was a Canadian corporation having a place of business at 85 Advance Road, Etobicoke, Ontario M8Z 2S6, Canada, and that Genpharm Inc. had been engaged in the business of manufacturing pharmaceutical products outside of the United States, some of which products had been sold by others in the United States. Mylan denies the remaining allegations in paragraph 8.

9. Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and, therefore, denies the allegations.

10. Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and, therefore, denies the allegations.

11. With respect to paragraph 11, Mylan admits that it is a West Virginia corporation having a place of business at 781 Chestnut Ridge Road, Morgantown, West Virginia 26504, and that it has been engaged in the business of manufacturing pharmaceutical products, including products sold in the United States. Mylan denies the remaining allegations in paragraph 11.

-3-

12. Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 and, therefore, denies the allegations.

13. Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and, therefore, denies the allegations.

14. Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and, therefore, denies the allegations.

15. Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 and, therefore, denies the allegations.

16. Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and, therefore, denies the allegations.

17. Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and, therefore, denies the allegations.

18. Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and, therefore, denies the allegations.

19. Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and, therefore, denies the allegations.

20. With respect to paragraph 20, Mylan admits that Plaintiffs purport to state a cause of action for infringement of U.S. Patent No. 5,061,703 ("the '703 patent"). The remainder of paragraph 20 concerns questions of law to which no response is required.

21. With respect to paragraph 21, Mylan admits that Plaintiffs purport to base subject-matter jurisdiction on 28 U.S.C. §§ 1331 and 1338(a). Subject-matter jurisdiction is a question of law to which no response is required.

22. Mylan denies the allegations in paragraph 22 to the extent that they are directed to Mylan or Genpharm. Mylan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 and, therefore, denies the allegations.

23. Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 and, therefore, denies the allegations.

24. Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and, therefore, denies the allegations.

25. With respect to paragraph 25, Mylan admits that Genpharm, L.P. will not contest personal jurisdiction in Delaware for the limited purpose of this action. Mylan denies the remaining allegations in paragraph 25.

26. With respect to paragraph 26, Mylan admits that Genpharm ULC (as successor to Genpharm Inc.) will not contest personal jurisdiction in Delaware for the limited purpose of this action. Mylan denies the remaining allegations in paragraph 26.

27. Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 and, therefore, denies the allegations.

28. Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 and, therefore, denies the allegations.

29. With respect to paragraph 29, Mylan will not contest personal jurisdiction in Delaware for the limited purpose of this action. Mylan denies the remaining allegations in paragraph 29.

30. Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 and, therefore, denies the allegations.

31.     Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 and, therefore, denies the allegations.

32.     Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 and, therefore, denies the allegations.

33.     Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 and, therefore, denies the allegations.

34.     Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 and, therefore, denies the allegations.

35.     Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 and, therefore, denies the allegations.

36.     Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 and, therefore, denies the allegations.

37.     Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 and, therefore, denies the allegations.

38.     Mylan denies the allegations in paragraph 38, but Mylan will not contest venue in this judicial district for the limited purpose of this action.

39.     With respect to paragraph 39, Mylan admits that the '703 patent, entitled "Adamantane Derivatives in the Prevention and Treatment of Cerebral Ischemia," was issued by the United States Patent and Trademark Office on October 29, 1991, that the original '703 patent identifies Merz + Co. GmbH & Co. as the assignee, and that the reexamination certificate for the '703 patent identifies Merz Pharma GmbH & Co. KGaA as the assignee. Mylan denies that the '703 patent was duly and legally issued. Mylan is without knowledge or information sufficient

to form a belief as to the truth of the remaining allegations in paragraph 39 and, therefore, denies the allegations.

40. With respect to paragraph 40, Mylan admits only that the United States Food and Drug Administration ("FDA"), in the *Approved Drug Products with Therapeutic Equivalence Evaluations*, (i) identifies "Forest Labs" as the Applicant for New Drug Application ("NDA") No. 021487 for Namenda® brand memantine hydrochloride tablets, and (ii) lists the '703 patent for NDA No. 021487. Mylan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 40 and, therefore, denies the allegations.

41. Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 and, therefore, denies the allegations.

42. With respect to paragraph 42, Mylan admits that the reexamination certificate for the '703 patent identifies a reexamination request date of August 18, 2004, and that the reexamination certificate issued on November 7, 2006. Mylan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 42 and, therefore, denies the allegations.

43. Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 and, therefore, denies the allegations.

44. Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 and, therefore, denies the allegations.

45. Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 and, therefore, denies the allegations.

46. Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 and, therefore, denies the allegations.

47. Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 and, therefore, denies the allegations.

48. Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 and, therefore, denies the allegations.

49. Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 and, therefore, denies the allegations.

50. Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 and, therefore, denies the allegations.

51. With respect to paragraph 51, Mylan admits only that Genpharm Inc. submitted ANDA No. 90-050 to the FDA, seeking approval for commercial manufacture, use, or sale of memantine hydrochloride tablets 5 mg and 10 mg. Mylan denies the remaining allegations in paragraph 51.

52. With respect to the first sentence of paragraph 52, Mylan denies the allegations, but avers that Genpharm Inc. had included in ANDA No. 90-050 a Paragraph IV certification with respect to the reexamination certificate for United States Patent No. 5,061,703 ("the '703 patent reexamination certificate"), pursuant to the Federal Food, Drug and Cosmetic Act § 505(j)(2)(A)(vii)(IV), which states that the claims of the '703 patent reexamination certificate are invalid, unenforceable and/or not infringed by the product that is the subject of ANDA No. 90-050. With respect to the second sentence of paragraph 52, Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations.

53. Mylan denies the allegations in paragraph 53.

54. Mylan denies the allegations in paragraph 54.

-8-

55. Mylan denies the allegations in paragraph 55.

56. With respect to paragraph 56, Mylan admits only that Genpharm Inc. was aware of the '703 patent prior to its submission of ANDA No. 90-050. Mylan denies the remaining allegations in paragraph 56.

57. Mylan denies the allegations in paragraph 57.

58. Mylan denies the allegations in paragraph 58.

59. Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 and, therefore, denies the allegations.

60. Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 and, therefore, denies the allegations.

61. Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 and, therefore, denies the allegations.

62. Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 and, therefore, denies the allegations.

63. Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 and, therefore, denies the allegations.

64. Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 and, therefore, denies the allegations.

65. Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 and, therefore, denies the allegations.

66. Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 and, therefore, denies the allegations.

67. With respect to paragraph 67, Mylan admits only that it submitted ANDA No. 79-225 to the FDA, seeking approval for commercial manufacture, use, or sale of memantine hydrochloride tablets 5 mg and 10 mg. Mylan denies the remaining allegations in paragraph 59.

68. With respect to the first sentence of paragraph 68, Mylan denies the allegations, but avers that it has included in ANDA No. 79-225 a Paragraph IV certification with respect to the '703 patent reexamination certificate, pursuant to the Federal Food, Drug and Cosmetic Act § 505(j)(2)(A)(vii)(IV), which states that the claims of the '703 patent reexamination certificate are invalid, unenforceable and/or not infringed by the product that is the subject of ANDA No. 79-225. With respect to the second sentence of paragraph 68, Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations.

69. Mylan denies the allegations in paragraph 69.

70. Mylan admits the allegations in paragraph 70.

71. Mylan denies the allegations in paragraph 71.

72. Mylan denies the allegations in paragraph 72.

73. Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 and, therefore, denies the allegations.

74. Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 and, therefore, denies the allegations.

75. Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 and, therefore, denies the allegations.

76. Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 and, therefore, denies the allegations.

77. Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 and, therefore, denies the allegations.

78. Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 and, therefore, denies the allegations.

79. Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 and, therefore, denies the allegations.

80. Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 and, therefore, denies the allegations.

81. Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 and, therefore, denies the allegations.

82. Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 and, therefore, denies the allegations.

83. Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 and, therefore, denies the allegations.

84. Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 and, therefore, denies the allegations.

85. Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 and, therefore, denies the allegations.

86. Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 and, therefore, denies the allegations.

87. Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87 and, therefore, denies the allegations.

88. Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88 and, therefore, denies the allegations.

89. Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89 and, therefore, denies the allegations.

90. Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90 and, therefore, denies the allegations.

91. Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91 and, therefore, denies the allegations.

92. Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92 and, therefore, denies the allegations.

93. Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93 and, therefore, denies the allegations.

94. Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94 and, therefore, denies the allegations.

95. Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95 and, therefore, denies the allegations.

96. Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96 and, therefore, denies the allegations.

97. Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97 and, therefore, denies the allegations.

98. Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98 and, therefore, denies the allegations.

99. Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99 and, therefore, denies the allegations.

100. Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100 and, therefore, denies the allegations.

## DEFENSES

### First Defense

101. The claims of the '703 patent are invalid for failure to satisfy the requirements of Part II of Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

### Second Defense

102. Mylan has not directly or indirectly infringed the '703 patent.

### Third Defense

103. By reason of the proceedings in the United States Patent and Trademark Office during the prosecution of the applications that resulted in the '703 patent and/or its reexamination certificate, and by reason of the admissions and representations made therein by or on behalf of the applicants for the '703 patent and/or its reexamination certificate, the owner of the '703 patent is estopped from construing claims of the '703 patent to cover or include acts by or products of Mylan.

### Fourth Defense

104. The doctrine of absolute intervening rights bars relief with respect to things made, purchased, offered for sale, or used within the United States, or imported into the United States, prior to November 7, 2006.

### Fifth Defense

105. The doctrine of equitable intervening rights bars relief with respect to the continued practice of any patented process that was practiced, or the practice for which substantial preparation was made, prior to November 7, 2006.

### COUNTERCLAIM

### (Declaratory Judgment)

For its counterclaim against Plaintiffs, Mylan avers as follows:

### Jurisdiction

106. This is a counterclaim for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 for the purpose of determining an actual and justiciable controversy between the parties. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

### Claim for Relief

107. Plaintiff brought an action against Mylan for infringement of the '703 patent, based on the submission of ANDA No. 79-225.

108. The claims of the '703 patent are invalid for failure to satisfy the requirements of Part II of Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

109. Mylan has not directly or indirectly infringed the '703 patent.

110. The manufacture, use, offer for sale, sale, or importation of the drug product that is the subject of ANDA No. 79-225 would not infringe any valid claims of the '703 patent.

111. An actual and justiciable controversy exists between the parties with respect to validity and infringement of the '703 patent. Mylan is entitled to a declaratory judgment that the '703 patent is invalid and not infringed.

## PRAYER FOR RELIEF

WHEREFORE, Mylan prays for a judgment that:

A. Dismisses the Complaint with prejudice;

B. Declares that the claims of the '703 patent are invalid;

C. Declares that Mylan has not infringed the '703 patent;

D. Declares that the manufacture, use, offer for sale, sale, or importation of the drug product that is the subject of ANDA No. 79-225 would not infringe any valid claims of the '703 patent;

E. Awards Mylan its costs and attorneys' fees; and

F. Awards Mylan such other and further relief as the Court may deem proper.

April 7, 2008                                Respectfully submitted,

                                             /s/ Joseph Naylor
                                             Adam Balick (No. 2718)
                                             Joseph S. Naylor (No. 3886)
                                             Balick & Balick, LLC
                                             711 King Street
                                             Wilmington, Delaware 19801
                                             Telephone: (302) 658-4265
                                             abalick@balick.com
                                             jnaylor@balick.com

                                             *Attorneys for Defendant*
                                             *Mylan Pharmaceuticals Inc.*

Of Counsel:
Ron E. Shulman
Terry Kearney
Roger J. Chin
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 493-9300