IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FOREST LABORATORIES, INC.,
FOREST LABORATORIES HOLDINGS,
LTD., MERZ PHARMA GMBH & CO.
KGAA, and MERZ PHARMACEUTICALS
GMBH,

          Plaintiffs,

     vs.

DR. REDDY'S LABORATORIES, INC.,
DR. REDDY'S LABORATORIES, LIMITED,
GENPHARM INC., GENPHARM L.P.,
INTERPHARM HOLDINGS, INC.,
INTERPHARM, INC., MYLAN
PHARMACEUTICALS INC., RANBAXY
INC., RANBAXY LABORATORIES
LIMITED, and SUN INDIA
PHARMACEUTICAL INDUSTRIES
LIMITED (a/k/a SUN PHARMACEUTICAL
INDUSTRIES LIMITED),

          Defendants.

Civil Action No. 08-052-GMS-LPS

## CONSENT JUDGMENT AND ORDER

Pursuant to the stipulation and consent of Plaintiffs Forest Laboratories, Inc.,

Forest Laboratories Holdings, Ltd., Merz Pharma GmbH & Co. KGaA, and Merz

Pharmaceuticals GmbH (collectively "Plaintiffs") and Defendants Ranbaxy Inc. and Ranbaxy

Laboratories Limited (collectively "Ranbaxy"), this Court hereby issues the following Consent

Judgment And Order.

**Stipulated Facts**

1.      Plaintiffs brought this civil action against Ranbaxy in this Court on January 25, 2008, charging Ranbaxy with infringement of United States Patent No. 5,061,703 ("the '703 patent").

2.      This Court has subject matter jurisdiction over this patent infringement action and personal jurisdiction over Plaintiffs and Ranbaxy. Venue is proper in this Court as to Plaintiffs and Ranbaxy.

3.      The '703 patent is presumed to be valid and enforceable and Ranbaxy have not rebutted that presumption in this action.

4.      Ranbaxy submitted Abbreviated New Drug Application ("ANDA") No. 79-236 to the United States Food and Drug Administration ("FDA") for the purpose of obtaining regulatory approval to engage in the commercial manufacture, use, and sale of the memantine hydrochloride products described therein prior to the expiration of the '703 patent, including any extensions.

5.      The generic products and proposed uses and indications therefore, as set forth in ANDA No. 79-236 fall within the scope of one or more of the claims of the '703 patent as properly construed.

6.      Plaintiffs are entitled to a permanent injunction enjoining Ranbaxy, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, from manufacturing, using, offering to sell or selling within the United States, or importing into the United States, the generic memantine hydrochloride products defined by ANDA No. 79-236 during the life of the '703 patent, including any extensions, absent the occurrence of one of the following: (1) authorization by Plaintiffs; (2) a mandate from the U.S. Court of Appeals for the

2

Federal Circuit holding or affirming that the claims of the '703 patent are invalid or
unenforceable; (3) the legal launching of three different generic memantine hydrochloride
products (*i.e.*, a generic equivalent of Namenda®) in the United States by three different generic
pharmaceutical companies following a mandate from the U.S. Court of Appeals for the Federal
Circuit holding or affirming that the claims of the '703 patent are not infringed by at least one
such product; or (4) the legal launching of two different generic memantine hydrochloride
products (*i.e.*, a generic equivalent of Namenda®) in the United States by two different generic
pharmaceutical companies following a mandate from the U.S. Court of Appeals for the Federal
Circuit holding or affirming that the claims of the '703 patent are not infringed by at least one
such product coupled with one or more generic memantine hydrochloride products authorized by
Plaintiffs being launched. Following the occurrence of (1), (2), (3) or (4) above, if Ranbaxy, its
officers, agents, servants, employees, and attorneys, and those persons in active concert or
participation with them manufactures, uses, offers to sell or sells within the United States, or
imports into the United States, the generic memantine hydrochloride products defined by ANDA
No. 79-236, Plaintiffs will not bring suit against Ranbaxy with respect to the '703 patent.

### Consent Judgment And Order

Accordingly, pursuant to the stipulation and consent of Plaintiffs and Ranbaxy and the above stipulated facts, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. Based upon the stipulations of these parties as set forth herein, as to which the Court expresses no findings or conclusions, Ranbaxy, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby enjoined from manufacturing, using, offering to sell or selling within the United States, or importing into the United States, the generic memantine hydrochloride products defined by ANDA No. 79-236 during the life of the '703 patent, including any extensions, absent the occurrence of one of the following: (1) authorization by Plaintiffs; (2) a mandate from the U.S. Court of Appeals for the Federal Circuit holding or affirming that the claims of the '703 patent are invalid or unenforceable; (3) the legal launching of three different generic memantine hydrochloride products (*i.e.*, a generic equivalent of Namenda®) in the United States by three different generic pharmaceutical companies following a mandate from the U.S. Court of Appeals for the Federal Circuit holding or affirming that the claims of the '703 patent are not infringed by at least one such product; or (4) the legal launching of two different generic memantine hydrochloride products (*i.e.*, a generic equivalent of Namenda®) in the United States by two different generic pharmaceutical companies following a mandate from the U.S. Court of Appeals for the Federal Circuit holding or affirming that the claims of the '703 patent are not infringed by at least one such product coupled with one or more generic memantine hydrochloride products authorized by Plaintiffs being launched.

4

2.      Plaintiffs and Ranbaxy expressly waive their right to appeal or otherwise move for relief from this Consent Judgment And Order.

3.      This Court retains jurisdiction over Plaintiffs and Ranbaxy for purposes of enforcing this Consent Judgment And Order.

4.      This Consent Judgment And Order shall finally resolve this action between Plaintiffs and Ranbaxy. Each party shall bear its own fees and costs in connection with this action, including attorney fees.

5.      The Clerk of the Court is directed to enter this final judgment forthwith.

**IT IS SO ORDERED** this 14th day of April, 2008,

The Honorable Gregory M. Sleet
United States District Judge
District of Delaware

**F I L E D**

APR 1 4 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

5

STIPULATED AND CONSENTED TO BY:

Merz GmbH & Co. KGaA

Dr. Martin Zügel
CEO

Hartmut Erlinghagen
CAO

Date: 9 April 2008


Merz Pharmaceuticals GmbH

Dr. Martin Zügel
CEO

Dr. Alexander Gebauer
CSO

Date: 9 April 2008


FOREST LABORATORIES, INC. and
FOREST LABORATORIES HOLDINGS, LTD.,

By: _____

Name: Charles S Ryan

Title: Chief Intellectual Property Counsel

Date: April 9, 2008


~~MERZ PHARMA GMBH & CO. KGaA and~~
MERZ PHARMACEUTICALS GMBH

By: _____

Name: _____

Title: _____

Date: _____


RANBAXY INC. and
RANBAXY LABORATORIES LIMITED.

By: _____

Name: George E. Heibel

Title: Senior Counsel

Date: April 4, 2008


6

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Jack B. Blumenfeld (# 1014)
Maryellen Noreika (# 3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Plaintiffs*

April 20, 2008

RICHARDS, LAYTON & FINGER, P.A.

Chad M. Shandler (# 3796)
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
shandler@rlf.com

*Attorneys for Ranbaxy Laboratories Ltd and
Ranbaxy Inc.*

7