## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FOREST LABORATORIES, INC., FOREST LABORATORIES HOLDINGS, LTD., MERZ PHARMA GMBH & CO. KGAA, and MERZ PHARMACEUTICALS GMBH, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 08-52-GMS |
| v. | ) ) ) | |
| DR. REDDY'S LABORATORIES, INC., DR. REDDY'S LABORATORIES LIMITED, GENPHARM INC., GENPHARM, L.P., INTERPHARM HOLDINGS, INC., INTERPHARM, INC., MYLAN PHARMACEUTICALS INC., RANBAXY INC., RANBAXY LABORATORIES LIMITED, KENDLE INTERNATIONAL INC., SUN INDIA PHARMACEUTICAL INDUSTRIES LIMITED (a/k/a SUN PHARMACEUTICAL INDUSTRIES LTD.), SYTHON HOLDING B.V., SYNTHON B.V., SYNTHON LABORATORIES, INC., and SYNTHON PHARMACEUTICALS, INC. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

### INTERPHARM HOLDINGS, INC.'S AND INTERPHARM, INC.'S
### ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIM

Defendants Interpharm Holdings, Inc. and Interpharm, Inc. (collectively referred to hereinafter as "Interpharm") answer the Amended Complaint of Forest Laboratories, Inc. Forest Laboratories Holdings, Ltd., Merz Pharma GMBH & Co. KGAA, and Merz Pharmaceuticals GmbH, (collectively referred to hereinafter as "Plaintiffs") as follows:

1.     Interpharm is without sufficient information to admit or deny the allegations of paragraph 1 of the Amended Complaint.

2.     Interpharm is without sufficient information to admit or deny the allegations of paragraph 2 of the Amended Complaint.

3.     Interpharm is without sufficient information to admit or deny the allegations of paragraph 3 of the Amended Complaint.

4.     Interpharm is without sufficient information to admit or deny the allegations of paragraph 4 of the Amended Complaint.

5.     Interpharm is without sufficient information to admit or deny the allegations of paragraph 5 of the Amended Complaint.

6.     Interpharm is without sufficient information to admit or deny the allegations of paragraph 6 of the Amended Complaint.

7.     Interpharm is without sufficient information to admit or deny the allegations of paragraph 7 of the Amended Complaint.

8.     Interpharm is without sufficient information to admit or deny the allegations of paragraph 8 of the Amended Complaint.

9.     Interpharm admits the allegations in paragraph 9 of the Amended Complaint.

10.    Interpharm admits the allegations in paragraph 10 of the Amended Complaint.

11.    Interpharm is without sufficient information to admit or deny the allegations of paragraph 11 of the Amended Complaint.

12     Interpharm is without sufficient information to admit or deny the allegations of paragraph 12 of the Amended Complaint.

13.    Interpharm is without sufficient information to admit or deny the allegations of paragraph 13 of the Amended Complaint.

14.     Interpharm is without sufficient information to admit or deny the allegations of paragraph 14 of the Amended Complaint.

15.     Interpharm is without sufficient information to admit or deny the allegations of paragraph 15 of the Amended Complaint.

16.     Interpharm is without sufficient information to admit or deny the allegations of paragraph 16 of the Amended Complaint.

17.     Interpharm is without sufficient information to admit or deny the allegations of paragraph 17 of the Amended Complaint.

18.     Interpharm is without sufficient information to admit or deny the allegations of paragraph 18 of the Amended Complaint.

19.     Interpharm is without sufficient information to admit or deny the allegations of paragraph 19 of the Amended Complaint.

20.     Interpharm admits the allegations in paragraph 20 of the Amended Complaint.

21.     Interpharm admits the allegations in paragraph 21 of the Amended Complaint.

22.     Interpharm does not contest that this Court has personal jurisdiction over Interpharm.  All other allegations in paragraph 22 of the Amended Complaint directed to Interpharm are denied.  Interpharm is without sufficient information to admit or deny the allegations of paragraph 22 of the Amended Complaint that are not directed to Interpharm.

23.     Interpharm is without sufficient information to admit or deny the allegations of paragraph 23 of the Amended Complaint.

24.     Interpharm is without sufficient information to admit or deny the allegations of paragraph 24 of the Amended Complaint.

25.     Interpharm is without sufficient information to admit or deny the allegations of paragraph 25 of the Amended Complaint.

26.     Interpharm is without sufficient information to admit or deny the allegations of paragraph 26 of the Amended Complaint.

27.     Interpharm does not contest that this Court has personal jurisdiction over Interpharm. All other allegations in paragraph 27 of the Amended Complaint are conclusions of law to which Interpharm need not respond.

28.     Interpharm does not contest that this Court has personal jurisdiction over Interpharm. All other allegations in paragraph 28 of the Amended Complaint are conclusions of law to which Interpharm need not respond.

29.     Interpharm is without sufficient information to admit or deny the allegations of paragraph 29 of the Amended Complaint.

30.     Interpharm is without sufficient information to admit or deny the allegations of paragraph 30 of the Amended Complaint.

31.     Interpharm is without sufficient information to admit or deny the allegations of paragraph 31 of the Amended Complaint.

32.     Interpharm is without sufficient information to admit or deny the allegations of paragraph 32 of the Amended Complaint.

33.     Interpharm is without sufficient information to admit or deny the allegations of paragraph 33 of the Amended Complaint.

34.     Interpharm is without sufficient information to admit or deny the allegations of paragraph 34 of the Amended Complaint.

35.    Interpharm is without sufficient information to admit or deny the allegations of paragraph 35 of the Amended Complaint.

36.    Interpharm is without sufficient information to admit or deny the allegations of paragraph 36 of the Amended Complaint.

37.    Interpharm is without sufficient information to admit or deny the allegations of paragraph 37 of the Amended Complaint.

38.    Interpharm admits the allegations in paragraph 38 of the Amended Complaint.

39.    Interpharm admits that U.S. Patent 5,061,703 was issued by the PTO on October 29, 1991 and was titled as alleged.  Interpharm denies the remaining allegations of the first sentence of paragraph 39 of the Amended Complaint.  Interpharm is without sufficient information to admit or deny the allegations of the second sentence of paragraph 39 of the Amended Complaint.

40.    Interpharm is without sufficient information to admit or deny the allegations of the first sentence of paragraph 40 of the Amended Complaint.  Interpharm admits the allegations of the second sentence of paragraph 40 of the Amended Complaint.

41.    Interpharm is without sufficient information to admit or deny the allegations of paragraph 41 of the Amended Complaint.

42.    Interpharm admits the allegations in paragraph 42 of the Amended Complaint, except that Interpharm is without sufficient information to admit or deny that it was Merz who submitted the alleged request.

43.    Interpharm is without sufficient information to admit or deny the allegations of paragraph 43 of the Amended Complaint.

44.    Interpharm is without sufficient information to admit or deny the allegations of paragraph 44 of the Amended Complaint.

45.    Interpharm is without sufficient information to admit or deny the allegations of paragraph 45 of the Amended Complaint.

46.    Interpharm is without sufficient information to admit or deny the allegations of paragraph 46 of the Amended Complaint.

47.    Interpharm is without sufficient information to admit or deny the allegations of paragraph 47 of the Amended Complaint.

48.    Interpharm is without sufficient information to admit or deny the allegations of paragraph 48 of the Amended Complaint.

49.    Interpharm is without sufficient information to admit or deny the allegations of paragraph 49 of the Amended Complaint.

50.    Interpharm is without sufficient information to admit or deny the allegations of paragraph 50 of the Amended Complaint.

51.    Interpharm is without sufficient information to admit or deny the allegations of paragraph 51 of the Amended Complaint.

52.    Interpharm is without sufficient information to admit or deny the allegations of paragraph 52 of the Amended Complaint.

53.    Interpharm is without sufficient information to admit or deny the allegations of paragraph 53 of the Amended Complaint.

54.    Interpharm is without sufficient information to admit or deny the allegations of paragraph 54 of the Amended Complaint.

55.     Interpharm is without sufficient information to admit or deny the allegations of paragraph 55 of the Amended Complaint.

56.     Interpharm is without sufficient information to admit or deny the allegations of paragraph 56 of the Amended Complaint.

57.     Interpharm is without sufficient information to admit or deny the allegations of paragraph 57 of the Amended Complaint.

58.     Interpharm is without sufficient information to admit or deny the allegations of paragraph 58 of the Amended Complaint.

59.     Interpharm admits the allegations of paragraph 59 of the Amended Complaint, except that Interpharm denies that it seeks approval to commercially manufacture, use, sell or market Interpharm's Generic Products for indications beyond the indication stated in ANDA No. 90-041.

60.     Interpharm admits the allegations in the first sentence of paragraph 60 of the Amended Complaint.  Interpharm is without sufficient information to admit or deny the remaining allegations of paragraph 60 of the Amended Complaint.

61.     Interpharm denies the allegations in paragraph 61 of the Amended Complaint.

62.     Interpharm denies the allegations in paragraph 62 of the Amended Complaint.

63.     Interpharm denies the allegations in paragraph 63 of the Amended Complaint.

64.     Interpharm admits the allegations in paragraph 64 of the Amended Complaint.

65.     Interpharm denies the allegations in paragraph 65 of the Amended Complaint.

66.     Interpharm denies the allegations in paragraph 66 of the Amended Complaint.

67.     Interpharm is without sufficient information to admit or deny the allegations of paragraph 67 of the Amended Complaint.

68.     Interpharm is without sufficient information to admit or deny the allegations of paragraph 68 of the Amended Complaint.

69.     Interpharm is without sufficient information to admit or deny the allegations of paragraph 69 of the Amended Complaint.

70.     Interpharm is without sufficient information to admit or deny the allegations of paragraph 70 of the Amended Complaint.

71.     Interpharm is without sufficient information to admit or deny the allegations of paragraph 71 of the Amended Complaint.

72.     Interpharm is without sufficient information to admit or deny the allegations of paragraph 72 of the Amended Complaint.

73.     Interpharm is without sufficient information to admit or deny the allegations of paragraph 73 of the Amended Complaint.

74.     Interpharm is without sufficient information to admit or deny the allegations of paragraph 74 of the Amended Complaint.

75.     Interpharm is without sufficient information to admit or deny the allegations of paragraph 75 of the Amended Complaint.

76.     Interpharm is without sufficient information to admit or deny the allegations of paragraph 76 of the Amended Complaint.

77.     Interpharm is without sufficient information to admit or deny the allegations of paragraph 77 of the Amended Complaint.

78.     Interpharm is without sufficient information to admit or deny the allegations of paragraph 78 of the Amended Complaint.

79.    Interpharm is without sufficient information to admit or deny the allegations of paragraph 79 of the Amended Complaint.

80.    Interpharm is without sufficient information to admit or deny the allegations of paragraph 80 of the Amended Complaint.

81.    Interpharm is without sufficient information to admit or deny the allegations of paragraph 81 of the Amended Complaint.

82.    Interpharm is without sufficient information to admit or deny the allegations of paragraph 82 of the Amended Complaint.

83.    Interpharm is without sufficient information to admit or deny the allegations of paragraph 83 of the Amended Complaint.

84.    Interpharm is without sufficient information to admit or deny the allegations of paragraph 84 of the Amended Complaint.

85.    Interpharm is without sufficient information to admit or deny the allegations of paragraph 85 of the Amended Complaint.

86.    Interpharm is without sufficient information to admit or deny the allegations of paragraph 86 of the Amended Complaint.

87.    Interpharm is without sufficient information to admit or deny the allegations of paragraph 87 of the Amended Complaint.

88.    Interpharm is without sufficient information to admit or deny the allegations of paragraph 88 of the Amended Complaint.

89.    Interpharm is without sufficient information to admit or deny the allegations of paragraph 89 of the Amended Complaint.

90.    Interpharm is without sufficient information to admit or deny the allegations of paragraph 90 of the Amended Complaint.

91.    Interpharm is without sufficient information to admit or deny the allegations of paragraph 91 of the Amended Complaint.

92.    Interpharm is without sufficient information to admit or deny the allegations of paragraph 92 of the Amended Complaint.

93.    Interpharm is without sufficient information to admit or deny the allegations of paragraph 93 of the Amended Complaint.

95.    Interpharm is without sufficient information to admit or deny the allegations of paragraph 95 of the Amended Complaint.

96.    Interpharm is without sufficient information to admit or deny the allegations of paragraph 96 of the Amended Complaint.

97.    Interpharm is without sufficient information to admit or deny the allegations of paragraph 97 of the Amended Complaint.

98.    Interpharm is without sufficient information to admit or deny the allegations of paragraph 98 of the Amended Complaint.

99.    Interpharm is without sufficient information to admit or deny the allegations of paragraph 99 of the Amended Complaint.

100.    Interpharm is without sufficient information to admit or deny the allegations of paragraph 100 of the Amended Complaint.

### FIRST DEFENSE

None of Interpharm's alleged activities infringes, induces the infringement or contributes to the infringement of the '703 patent.

### SECOND DEFENSE

In the alternative, if any of Interpharm's alleged activities infringes, induces the infringement or contributes to the infringement of the '703 patent, that claim is invalid under 35 U.S.C. § 102 and/or 35 U.S.C. § 103.

### THIRD DEFENSE

In the alternative, if any of Interpharm's alleged activities infringes, induces the infringement or contributes to the infringement of the '703 patent, that claim is invalid under 35 U.S.C. § 305.

### FOURTH DEFENSE

The '703 patent is invalid under 35 U.S.C. § 112.

### FIFTH DEFENSE

On information and belief, and for the reasons stated hereinafter in the Fifth Claim For Relief of Interpharm's Counterclaim, Interpharm alleges that discovery will show that the '703 patent is unenforceable for inequitable conduct.

### COUNTERCLAIMS

Counterclaim-Plaintiffs Interpharm Holdings, Inc. and Interpharm, Inc. (collectively "Interpharm"), for their Counterclaims against Counterclaim-Defendants, Forest Laboratories, Inc. Forest Laboratories Holdings, Ltd., Merz Pharma GMBH & Co. KGAA, and Merz Pharmaceuticals GMBH, (collectively referred to hereinafter as "Plaintiffs") allege as follows:

## THE PARTIES

1.      Defendant Interpharm Holdings, Inc. ("Interpharm Holdings") is a Delaware corporation having a principal place of business at 75 Adams Avenue, Hauppauge, New York 11788.

2.      Defendant Interpharm, Inc. ("Interpharm") is a New York corporation, and the wholly-owned subsidiary and agent of Interpharm Holdings, having a principal place of business at 75 Adams Avenue, Hauppauge, New York 11788.

3.      On information and belief, Forest Laboratories, Inc., is a Delaware corporation having a principal place of business at 909 Third Avenue, New York, New York 10022.

4.      On information and belief, Forest Laboratories Holdings, Ltd. is an Irish corporation having a principal place of business at Milner House, 18 Parliament Street, Hamilton JM11, Bermuda.  Forest Laboratories, Inc. and Forest Laboratories Holdings, Ltd. are referred to collectively hereinafter as "Forest."

5.      On information and belief, Merz Pharma GmbH & Co, KGaA is a German corporation having a principal place of business at Eckenheimer Landstraße 100, D-60318 Frankfurt am Main, Germany.

6.      On information and belief, Merz Pharmaceuticals GmbH is a German corporation having a principal place of business at Eckenheimer Landstraße 100, D-60318 Frankfurt am Main, Germany.

## JURISDICTION AND VENUE

7.    This action arises under the Patent Laws of the United States, 35 U.S.C. §1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

8.    This Court has original jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

9.    This Court has personal jurisdiction over Plaintiffs because Plaintiffs have availed themselves of the rights and privileges of this forum by suing Interpharm in this District.

10.    Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400(b).

## FACTUAL BACKGROUND

11.    United States Patent No. 5,061,703 ("the '703 patent") issued on October 29, 1991.

12.    Upon information and belief, Merz Pharma GmbH & Co. KGaA, and Merz Pharmaceuticals GmbH, have been and continue to be, the assignees of the '703 patent since its issuance.

13.    Upon information and belief, Forest is the exclusive licensee of the '703 patent in the United States.

14.    Upon information and belief, Forest holds New Drug Application ("NDA") No. 21-487 for Namenda® brand name memantine hydrochloride tablets.

15.    Defendant/Counterclaim Plaintiff Interpharm submitted ANDA No. 90-041 to the FDA under § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)).  That ANDA seeks FDA approval within the stated indication for the commercial manufacture, use and sale of generic tablet products containing 5 milligrams and 10 milligrams of memantine hydrochloride (" Interpharm's Generic Products").  ANDA No. 90-041 specifically seeks FDA

approval to market Interpharm's Generic Products within the stated indication prior to the expiration of the '703 patent.

16.     Pursuant to § 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug and Cosmetic Act, Interpharm alleged in ANDA No. 90-041 that the claims of the '703 patent are invalid, unenforceable and/or not infringed by the commercial manufacture, use or sale of Interpharm's Generic Products.

17.     On January 25, 2008, Plaintiffs sued Interpharm in this District alleging infringement of the '703 patent.

18.     An actual and justiciable controversy exists regarding the '703 patent by virtue of Plaintiffs' Complaint. Thus, an actual controversy exists between Plaintiffs and Interpharm as to the non-infringement, invalidity and unenforceability of the '703 patent. Interpharm requires an immediate declaration of its rights vis-à-vis Plaintiffs with respect to the '703 patent.

**FIRST CLAIM FOR RELIEF**

(Declaratory Judgment of Non-Infringement of the '703 Patent)

19.     Interpharm reasserts and realleges the averments of paragraphs 1-18 of the Counterclaims as if fully set forth herein.

20.     There is an actual, substantial and continuing justiciable case or controversy between Interpharm and Plaintiffs regarding the non-infringement of the '703 patent.

21.     The manufacture, use, sale, offer for sale, and/or importation of Interpharm's Generic Products have not infringed, do not infringe, and would not, if marketed, infringe, induce infringement or contribute to the infringement of any claim of the '703 patent.

22.     Interpharm is entitled to a judicial declaration that the manufacture, use, sale, offer for sale, and/or importation of Interpharm's Generic Products have not infringed, do not

infringe, and would not, if marketed, infringe, induce infringement or contribute to the infringement of any claim of the '703 patent.

## SECOND CLAIM FOR RELIEF

(Declaratory Judgment of Invalidity of the '703
Patent under 35 U.S.C. § 102 and/or 35 U.S.C. § 103)

23.    Interpharm reasserts and realleges each of the foregoing paragraphs 1-18 of the Counterclaims as if fully set forth herein.

24.    There is an actual, substantial and continuing justiciable case or controversy between Interpharm and Plaintiffs regarding the invalidity of the '703 patent.

25.    If any of Interpharm's alleged activities infringes, induces the infringement or contributes to the infringement of any claim of the '703 patent, that claim is invalid under 35 U.S.C. § 102 and/or 35 U.S.C. § 103.

26.    Interpharm is entitled to a judicial decision that the claims of the '703 patent are invalid.

## THIRD CLAIM FOR RELIEF

(Declaratory Judgment of Invalidity of
the '703 Patent under 35 U.S.C. § 305)

27.    Interpharm reasserts and realleges each of the foregoing paragraphs 1-18 of the Counterclaims as if fully set forth herein.

28.    There is an actual, substantial and continuing justiciable case or controversy between Interpharm and Plaintiffs regarding the invalidity of the '703 patent.

29.    If any of Interpharm's alleged activities infringes, induces the infringement or contributes to the infringement of any claim of the '703 patent, that claim is invalid under 35 U.S.C. § 305.

30.    Interpharm is entitled to a judicial decision that the claims of the '703 patent are invalid.

## FOURTH CLAIM FOR RELIEF

(Declaratory Judgment of Invalidity of
the '703 Patent under 35 U.S.C. § 112)

31.    Interpharm reasserts and realleges each of the foregoing paragraphs 1-18 of the Counterclaims as if fully set forth herein.

32.    There is an actual, substantial and continuing justiciable case or controversy between Interpharm and Plaintiffs regarding the invalidity of the '703 patent.

33.    The claims of the '703 patent are invalid under 35 U.S.C. § 112.

34.    Interpharm is entitled to a judicial decision that the claims of the '703 patent are invalid.

## FIFTH CLAIM FOR RELIEF

(Declaratory Judgment of Unenforceability of the '703 Patent)

35.    Interpharm reasserts and realleges each of the foregoing paragraphs 1-18 of the Counterclaims as if fully set forth herein.

36.    The '703 patent was issued by the United States Patent and Trademark Office (the "PTO") on October 29, 1991.

37.    The '703 patent issued from United States Patent Application Serial Number 07/509,109 ("the '109 application"). The prosecution of the '109 application until and including October 29, 1991 is referred to hereinafter as "the prosecution of the '703 patent".

37.    On or before October 29, 1991, Fleischhacker, et al., Progress in Neuro-Psychopharmacology & Biological Psychiatry, 10:87-97 (1986) (the "Fleischhacker Reference"), was not cited in the prosecution of the '703 patent.

38.    The '703 patent was the subject of a reexamination by the PTO.

39.    On or about March 10, 2005, the PTO issued an Office Action in the reexamination of the '703 patent ("the March 10, 2005 Office Action").

40.    Among other actions taken in the March 10, 2005 Office Action, then pending claims 1-3, 6, 8 and 10-13 in the reexamination of the '703 patent were rejected as anticipated by the Fleischhacker Reference.

41.    The Fleischhacker Reference was material to the reexamination of the '703 patent.

42.    The Fleischhacker Reference was material to the prosecution of the '703 patent.

43.    On information and belief Interpharm alleges that discovery will show that prior to October 29, 1991 at least one person with a duty of disclosure to the PTO in the prosecution of the '703 patent was aware of the existence of the Fleischhacker Reference.

44.    On information and belief Interpharm alleges that discovery will show that prior to October 29, 1991 at least one of the named inventors of the '703 patent was aware of the existence of the Fleischhacker Reference.

45.    On information and belief Interpharm alleges that discovery will show that prior to October 29, 1991 at least one person with a duty of disclosure to the PTO in the prosecution of the '703 patent was aware of the materiality of the Fleischhacker Reference to the prosecution of the '703 patent.

46.    On information and belief Interpharm alleges that discovery will show that prior to October 29, 1991 at least one named inventor of the '703 patent was aware of the materiality of the Fleischhacker Reference to the prosecution of the '703 patent.

47.     On information and belief Interpharm alleges that discovery will show that at least

one person with a duty of disclosure to the PTO in the prosecution of the '703 patent withheld

the Fleischhacker Reference from the PTO during the prosecution of the '703 patent with intent

to deceive.

48.     The withholding of the Fleischhacker Reference from the PTO during the

prosecution of the '703 patent with intent to deceive constitutes inequitable conduct that renders

the '703 patent is unenforceable.

WHEREFORE, Interpharm respectfully requests that this Court:

(a)     Declare that the manufacture, use sale, offer for sale, or importation of the

Interpharm General Products that are the subject of Interpharm's ANDA No. 90-

041 have not infringed, do not infringe, and would not, if marketed, infringe,

induce infringement or contribute to the infringement of any valid and

enforceable claim of the '703 patent;

(b)     Declare that the claims of the '703 patent are invalid;

(c)     Declare that the '703 patent is unenforceable;

(d)     Enter an order dismissing the Amended Complaint, with prejudice, and denying

Plaintiffs the relief requested in the Amended Complaint and any relief

whatsoever;

(e)     Declare this case exceptional and award Interpharm its attorney's fees and costs

under 35 U.S.C. §285;

(f)     Enjoin Plaintiffs, their officers, agents, servants, employees, attorneys, and any

person who acts in concert or participation with any plaintiff from threatening to

assert or otherwise attempting to enforce the '703 patent against Interpharm, its

customers, suppliers, or anyone in privity with Interpharm; and

(g)    Award Interpharm such other and further relief as the Court may deem just and

proper.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Louis H. Weinstein
BUDD LARNER, P.C.
150 John F. Kennedy Parkway
Short Hills, NJ 07078
(973) 379- 4800

Dated:  May 27, 2008
866347 / 32708

By: */s/ Richard L. Horwitz*
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, Delaware 19801
    Tel:  (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@pottersanderson.com

*Attorneys for Defendants*
*Interpharm Holdings, Inc. and Interpharm, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on May 27, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on May 27, 2008, the attached document was Electronically Mailed the document to the following person(s):

Jack B. Blumenfeld
Maryellen Noreika
James W. Parrett, Jr.
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
Wilmington, DE 19899
jblumenfeld@mnat.com
mnoreika@mnat.com
jparrett@mnat.com
*Counsel for Plaintiffs*

Gerald J. Flattmann, Jr.
Melanie R. Rupert
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022
gflattmann@kirkland.com
mrupert@kirkland.com
*Counsel for Plaintiffs*

F. Dominic Cerrito
Daniel L. Malone
Eric C. Stops
JONES DAY
222 East 41st Street
New York, NY 10017
fdcerrito@jonesday.com
dlmalone@jonesday.com
estops@jonesday.com
*Counsel for Plaintiffs*

Adam Balick
Joseph S. Naylor
BALICK & BALICK, LLC
711 King Street
Wilmington, DE 19801
abalick@balick.com
jnaylor@balick.com
*Counsel for Defendants Genpharm Inc.,*
*Genpharm, L.P. and Mylan*
*Pharmaceuticals Inc.*

Ron E. Shulman
Terry Kearney
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA  94394-1050
rshulman@wsgr.com
tkearney@wsgr.com*Counsel for
Defendants Genpharm Inc., Genpharm,
L.P. and Mylan Pharmaceuticals Inc.*

Kevin G. Abrams
John M. Seaman
ABRAMS & LASTER LLPD
20 Montchanin Road, Suite 200
Wilmington, DE  19807
Abrams@abramslaster.com
Seaman@abramslaster.com
*Counsel for Defendant Sun
Pharmaceutical Industries Ltd.*

Roger J. Chin
WILSON SONSINI GOODRICH & ROSATI
One Market Street
Spear Tower, Suite 3300
San Francisco, CA  94105
rchin@wsgr.com
*Defendants Genpharm Inc., Genpharm,
L.P. and Mylan Pharmaceuticals Inc.*

Charles B. Klein
Jay L. Levine
Jovial Wong
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817
cklein@winston.com
jlevine@winston.com
jwong@winston.com
*Counsel for Defendant Sun
Pharmaceutical Industries Ltd.*

*/s/ Richard L. Horwitz*
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

853209 / 32708 / 32734